883 P.2d 714

**Travis L. BEASLEY, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 20419.

Court of Appeals of Idaho.

July 18, 1994.

Rehearing Denied Aug. 26, 1994.

James H. Paulsen, Sandpoint, for appellant.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen. (argued), Boise, for respondent.

PERRY, Judge.

In this appeal, Travis Beasley challenges the district court's denial of his post-conviction application alleging ineffective assistance of counsel in two related cases. After conducting a hearing on his application, the district court ruled that Beasley had not satisfied his burden of establishing a violation of his constitutional right to the effective assistance of counsel with regard to any of the claims alleged in his application. We affirm in part, vacate in part, and remand.

## FACTUAL AND PROCEDURAL HISTORY

In October 1990, Beasley was initially questioned as part of a police investigation into a break-in at the Mountain Springs Laundromat in Bonners Ferry, Idaho. He was charged with one count of burglary and one count of grand theft. In exchange for an agreement with the state not to oppose his request for release, Beasley gave a statement to the police. As a result of the statement, which implicated him in another crime, Beasley was charged in connection with burglaries at Trygg Chain in Bonners Ferry. The magistrate subsequently denied Beasley's request to be released on his own recognizance.

When Beasley was first arrested in the Mountain Springs case in October 1990, he contacted Gary Elliott, a public defender with whom he had prior dealings. Attorney Elliott, however, was no longer under contract as public defender for Boundary County, the contract having expired October 1, 1990.[1] At his arraignment in each case, counsel was appointed to represent Beasley in the district court. Elliott undertook Beasley's representation and acted as his counsel through the December 9, 1990, hearing on a motion to continue the trial date in the

Mountain Springs case. Attorneys Featherston and Elliott testified at the post-conviction hearing that Elliott's efforts on behalf of Beasley were provided in his capacity as a conflicts attorney hired by Featherston.

At the hearing on the motion to continue, Elliott advised that he could no longer represent Beasley because he would be leaving his law practice to become a magistrate. Elliott further informed the district court that Featherston, the current Boundary County public defender, represented one of Beasley's co-defendants which created a conflict of interest precluding Featherston from representing Beasley in the Mountain Springs case.

The district court ordered that new counsel be appointed to represent Beasley and continued the trial in the Mountain Springs case. Pursuant to the public defender contract, Featherston hired a private attorney as substitute conflicts counsel for Beasley. A notice of substitution of counsel, signed by Elliott, Featherston and Roger Hanlon, the new conflicts counsel, was filed with the district court in both cases on December 18, 1990.

Following a two-day trial, a jury found Beasley guilty of burglary and grand theft in the Mountain Springs Laundromat case. In the Trygg Chain case, Beasley entered a plea of guilty to two counts of first degree burglary and the remaining three counts against him were dismissed. The cases were consolidated for sentencing, at which time Beasley received concurrent sentences of three to ten years. The judgment of conviction was entered on March 18, 1991.

On May 22, 1991, Beasley filed an application for post-conviction relief, raising various claims of ineffective assistance of counsel. He pointed to attorney Elliott's alleged failure to advise him against giving the statement to the police that led to the charges in the Trygg Chain case. Beasley also pointed to attorney Hanlon's allegedly deficient per-

---

1. Attorney Elliott and attorney Dan Featherston, who maintained separate offices, joined in a contract to provide public defender services in Boundary County between October 1988 and October 1990. As of October 1, 1990, however, Featherston individually contracted as the public defender.

formance at trial in the Mountain Springs case. Beasley specifically alleged that Hanlon failed to move to suppress his statement to the police, failed to adequately investigate the case, failed to meet with Beasley until the day of trial, and failed to file an appeal from the judgment of conviction. Beasley also contended that a conflict of interest arose out of the public defender's representation of Beasley and his co-defendant, which denied him the effective assistance of counsel due him under the Constitution.

Beasley and the three attorneys involved in his representation testified at the hearing on his post-conviction application. Following the hearing, the district court denied relief and dismissed the application, concluding that Beasley had failed on each of his claims to show deficient performance by counsel or prejudice to Beasley sufficient to satisfy the two-pronged standard for ineffective assistance derived from *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). On the conflict of interest claim and counsel's failure to directly appeal, the district court found that Beasley had requested an appeal that counsel inexplicably did not file. The district court, citing *Russell v. State*, 118 Idaho 65, 794 P.2d 654 (Ct.App. 1990), said that Beasley must:

> at a minimum demonstrate there were issues that could have been raised on direct appeal and that those issues will not be resolved on their merits as a result of this post-conviction proceeding.

Because Beasley failed to specify direct appeal issues in his post-conviction application, supported by proof at the hearing, the district court concluded that Beasley had not shown prejudice and therefore, was not entitled to relief. Beasley appealed.

### ANALYSIS

■ The Uniform Post–Conviction Procedure Act, I.C. §§ 19–4901 to 19–4911, is available to show that the conviction was in violation of constitutional rights. I.C. § 19–4901(a)(1). Beasley's claim that he was denied his Sixth Amendment right to the effective assistance of counsel, therefore, is properly raised on post-conviction. *See Parrott v. State*, 117 Idaho 272, 787 P.2d 258 (1990);

*Nellsch v. State*, 122 Idaho 426, 835 P.2d 661 (Ct.App.1992).

■ In order to establish a violation of the constitutional guarantee to effective assistance of counsel, the defendant must show *both* deficient performance and resulting prejudice. *Gibson v. State*, 110 Idaho 631, 634–35, 718 P.2d 283, 286–87 (1986), *citing Strickland, supra*. To show that counsel's performance was deficient, the applicant for post-conviction relief has the burden of showing that his or her attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760 P.2d 1174 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for his or her attorney's deficient performance, the outcome of the trial would have been different. *Id.*

### 1. COUNSEL'S FAILURE TO FILE A DIRECT APPEAL

■ In his application, Beasley asserts that his counsel's conduct in not filing a direct appeal upon his request was deficient performance under *Flores v. State*, 104 Idaho 191, 657 P.2d 488 (Ct.App.1983), and *State v. Dillard*, 110 Idaho 834, 718 P.2d 1272 (Ct. App.1986), *cert. denied*, 479 U.S. 887, 107 S.Ct. 283, 93 L.Ed.2d 258 (1986), where the Court did not require that prejudice be shown before affording the applicant post-conviction relief. Accordingly, Beasley argues that the district court erred in requiring him to identify the meritorious issues which were lost as a result of the lack of a direct appeal pursuant to *Russell v. State*, 118 Idaho 65, 794 P.2d 654 (Ct.App.1990). Beasley contends that *Russell, supra*, is superseded by subsequent United States Supreme Court authority which holds that it is prejudice *per se* when a criminal defendant requests that an appeal be filed and his counsel fails to comply with this request. *See Lozada v. Deeds*, 498 U.S. 430, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991). We agree.

■ A defendant's right to representation by counsel extends to all critical stages of his trial, including appeal. *Flores, supra*, 104 Idaho at 194, 657 P.2d at 491, *citing Douglas v. California*, 372 U.S. 353, 83 S.Ct.

814, 9 L.Ed.2d 811 (1963). This right to counsel includes the right to effective assistance of counsel. *State v. Clayton,* 100 Idaho 896, 897, 606 P.2d 1000, 1001 (1980). Where a criminal defendant advises his or her attorney of a desire to appeal, and the attorney fails to take the necessary steps to file an appeal, such a defendant has been denied his or her constitutional right to the effective assistance of counsel at a critical stage in the proceedings. *Flores, supra,* 104 Idaho at 194–95, 657 P.2d at 491–92.

Beasley's case is distinguishable from *Flores, supra,* where the appellate court remanded to the district court for a factual finding as to whether the defendant had made known to counsel his desire to appeal. *Compare also Sanders v. State,* 117 Idaho 939, 792 P.2d 964 (Ct.App.1990) (trial court's finding in post-conviction proceeding that petitioner had failed to communicate to his attorney his desire to appeal, based upon evidence presented, was not clearly erroneous). It is undisputed here that Beasley advised his trial counsel of his wish to appeal his conviction. The record also clearly shows that trial counsel, and the public defender who assumed Beasley's representation after the entry of his judgment of conviction, understood that Beasley desired to appeal.[2] Therefore, a remand in this case for that factual finding is unnecessary.

Unlike *Flores* and *Sanders,* which dealt only with the deficient performance prong of the defendant's ineffective assistance claim, *Russell* addressed the issue of prejudice from counsel's failure to file an appeal. The Court of Appeals explained therein, that because Russell had failed to show prejudice by not identifying what meritorious issues were lost as a result of the lack of a direct appeal, he was not entitled to post-conviction relief. *Russell, supra,* 118 Idaho at 69, 794 P.2d at 659.[3] *Russell,* however, is distinguishable from the instant matter. In his post-conviction application, Russell chose to raise not only his claims of ineffective assistance, which are proper issues for post-conviction, but also his challenges to the voluntariness of his guilty plea, which were his direct appeal issues. Rather than allow the direct appeal that had been previously denied to Russell, the Court properly resolved all of the issues that were before it. Having resolved those issues, the Court concluded that Russell had not raised any other issue for consideration in a direct appeal from his convictions and, consequently, had not shown prejudice from lack of the appeal. Here, we conclude that the language in *Russell,* which requires a showing of prejudice when ineffectiveness of counsel is attributed to counsel's failure to file an appeal, was dicta and is not controlling under the facts in Beasley's case.

*Dillard, supra,* is also cited by Beasley as authority for the granting of post-conviction relief on an ineffective assistance claim based on failure to file an appeal without regard to the probability of success on appeal. In the appeal from Dillard's judgment of conviction, the Court of Appeals affirmed the granting of the delayed appeal[4] as relief in the post-

---

**2.** Attorney Hanlon testified that his representation of Beasley ended once the judgment of conviction was entered and after he had conveyed to Featherston that Beasley wanted to appeal. Attorney Featherston testified that he was advised of Beasley's desire to appeal, but upon review of the file he determined that a post-conviction proceeding, not an appeal, would be the best course of action. He discussed this with Beasley in various meetings with Beasley at the jail. However, their communications broke down due to a deteriorating relationship. Featherston testified that he did not file a notice of appeal on Beasley's behalf as requested within forty-two days from entry of the judgment of conviction.

**3.** The failure to appeal issue as a basis for Russell's ineffective assistance claim was not raised in the district court. The reasoning of the Court in *Russell,* however, was consistent with the Court of Appeals' comment in *Sanders v. State,* 117 Idaho 939, 941 n. 2, 792 P.2d 964, 966 n. 2 (Ct.App.1990), which we now criticize. The footnote indicated that Sanders would have to show the meritorious nature of any appeal by identifying the issues he would have raised on appeal, although this Court expressly stated it would "intimate no view that any such appeal would have been meritorious."

**4.** In *Dillard,* the district court's order granting post-conviction relief in the form of a delayed appeal was not appealed by the state. The state's brief in the delayed appeal began by claiming that the appeal was jurisdictionally defective. The Court of Appeals held, however, that the delayed appeal was not jurisdictionally defective and considered the issues raised by Dillard attacking his conviction. *Dillard, supra,* 110 Idaho at 838, 718 P.2d at 1276.

conviction proceedings alleging ineffectiveness of counsel for failure to perfect an appeal. *Dillard, supra,* 110 Idaho at 846, 718 P.2d at 1284. Ruling on the post-conviction application, the district court granted relief after finding that Dillard had requested his counsel to file an appeal, although no appeal was filed, and without requiring a further showing of prejudice suffered by the lack of an appeal. However, the Court of Appeals was not requested to, nor did it directly address the question of whether prejudice may be presumed when counsel's failure to file an appeal is deemed to be ineffective performance. We decline to rely solely on *Dillard* as precedent with regard to whether a post-conviction applicant must show prejudice from counsel's failure to file an appeal as requested.

In 1969, the United States Supreme Court criticized the Ninth Circuit's decision requiring a federal habeas corpus petitioner "to show more than a simple deprivation of this right [to an appeal] before relief can be accorded [and requiring] him to show some likelihood of success on appeal." *Rodriquez v. United States,* 395 U.S. 327, 330, 89 S.Ct. 1715, 1717, 23 L.Ed.2d 340 (1969). The Supreme Court held that the courts below had erred in rejecting petitioner's relief because of his failure to specify the points he would raise were his right to appeal reinstated. *Id.* Following *Rodriquez,*

> a number of federal and state courts have held that when it is clear that a petitioner wished to pursue an appeal, but the appeal was either not timely perfected or was dismissed for failure to file an appellate brief, then the petitioner has suffered prejudice per se, and the appeal may be reinstated *without a showing* that the issues which could have been raised on appeal had a reasonable probability of success.

*Matter of Frampton,* 45 Wash.App. 554, 726 P.2d 486, 489 (1986) (citations omitted). *See also Abels v. Kaiser,* 913 F.2d 821 (10th Cir.1990) (prejudice presumed from failure to file appeal, relying on *Rodriquez, supra* ); *Estes v. United States,* 883 F.2d 645 (8th Cir.1989) (prejudice presumed from failure to file appeal, relying on pre-*Strickland* cases for standard of ineffective assistance requiring deficient performance and resulting prejudice). Although *Rodriquez* arose from a prosecution in the federal court, more recently in a prosecution by the state of Nevada, the United States Supreme Court recognized a presumption of prejudice where counsel failed to perfect a criminal defendant's appeal. *See Lozada v. Deeds,* 498 U.S. 430, 432, 111 S.Ct. 860, 861, 112 L.Ed.2d 956 (1991).

■ The rationale offered by these courts is sound. A defendant denied an appeal because his lawyer did not file an appeal as requested should not be given an additional hurdle to clear just because his rights were violated at some earlier stage in the proceedings. *See Rodriquez, supra,* 395 U.S. at 330, 89 S.Ct. at 1717. On post-conviction then, the defendant should not be required to identify the meritorious issues that would have been raised, but should be restored to the status enjoyed immediately following the judgment of conviction when the defendant was entitled to a direct appeal.

In addition, it has been said that a defendant whose counsel failed to file an appeal as requested has been deprived, not of the effective assistance of counsel, but of any assistance of counsel on appeal. *Castellanos v. United States,* 26 F.3d 717 (7th Cir.1994). Counsel's failure to perfect an appeal "essentially waive[s] respondent's opportunity to make a case on the merits; in this sense it is difficult to distinguish respondent's situation from that of someone with no counsel at all." *Evitts v. Lucey,* 469 U.S. 387, 394 n. 6, 105 S.Ct. 830, 835 n. 6, 83 L.Ed.2d 821 (1985).

The United States Supreme Court has also held that the prejudice component of *Strickland* does not apply when an appellate lawyer fails either to file an appeal brief or to satisfy the requirements of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) [5] in seeking leave to withdraw during an appeal. *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300

---

**5.** *Anders* allows appointed counsel to withdraw from a first appeal as of right on the basis that    the appeal is frivolous.

(1988). Since *Penson,* every court that has squarely confronted the question with regard to the need to prove prejudice has held that failure to take an appeal, despite the defendant's request, is ineffective assistance without regard to the probability of success on appeal. *Castellanos, supra,* 26 F.3d at 718, citing *Bonneau v. United States,* 961 F.2d 17 (1st Cir.1992); *Williams v. Lockhart,* 849 F.2d 1134, 1137 n. 3 (8th Cir.1988); *United States v. Horodner,* 993 F.2d 191, 195 (9th Cir.1993); *United States v. Davis,* 929 F.2d 554, 557 (10th Cir.1991).

■■■ Adopting this reasoning, we adhere, therefore, to our recent opinion in *Mata v. State,* 124 Idaho 588, 861 P.2d 1253 (Ct.App. 1993), where we stated that the prejudice suffered by Mata, who claimed that his counsel did not file an appeal as requested, was the loss of the opportunity to appeal. That loss is itself sufficient prejudice to support a claim of ineffective assistance of counsel based on a failure to appeal as requested by a criminal defendant. *Ricca v. State,* 124 Idaho 894, 898, 865 P.2d 985, 989 (Ct.App. 1993). Having determined that Beasley's counsel either neglected or refused to file an appeal despite Beasley's request, we conclude that ineffective assistance of counsel deprived Beasley of his opportunity to appeal and that prejudice is presumed from this deficient performance.

Accordingly, we hold that the district court incorrectly required Beasley to establish prejudice in its denial of his post-conviction application. The judgment of conviction must be vacated and reentered so that Beasley may perfect a timely appeal. *See Mata, supra.*

## 2. CONFLICTS ISSUE

■■■■ Beasley also alleges that a conflict of interest arose when the public defender's office represented both his interests and those of a co-defendant who eventually testified as a prosecution witness at Beasley's trial in the Mountain Springs case. Beasley's argument is premised on the belief that his representation was or could have been in some way directed by the public defender. Even though a conflicts attorney was employed to replace the public defender initially appointed in Beasley's case, Beasley asserts that the conflict persisted because it was the public defender who selected, hired and paid the conflicts attorneys. Beasley claims that, as a result of the conflict of interest, he received ineffective assistance of counsel.

■■■■ The determination of whether an attorney representing the defendant engaged in multiple representation is a mixed question of law and fact. *Cuyler v. Sullivan,* 446 U.S. 335, 342, 100 S.Ct. 1708, 1714, 64 L.Ed.2d 333 (1980). Multiple representation *per se,* however, does not violate the Sixth Amendment unless it gives rise to a conflict of interest. *Holloway v. Arkansas,* 435 U.S. 475, 482, 98 S.Ct. 1173, 1177, 55 L.Ed.2d 426 (1978).

■■■■ Defense counsel has an ethical obligation to avoid conflicting representations and to advise the court promptly when a conflict of interest arises during the course of trial. *See Cuyler, supra,* 446 U.S. at 346, n. 11, 100 S.Ct. at 1717, n. 11, citing ABA Code of Professional Responsibility, DR 5–105, EC 5–15 (1976); ABA Project on Standards for Criminal Justice, Defense Function § 3.5(b) (App Draft 1971). When counsel is burdened by an actual conflict of interest, counsel breaches the duty of loyalty, the most basic of counsel's duties to his or her client. *See Strickland, supra,* 466 U.S. at 692, 104 S.Ct. at 2067.

In order to establish a violation of the Sixth Amendment—forming the basis of an ineffective assistance claim—a defendant who raised no objection at trial must demonstrate not only that an actual conflict of interest existed, but also that the conflict adversely affected the lawyer's performance. *Cuyler, supra,* 446 U.S. at 350, 100 S.Ct. at 1719; *McNeeley v. State,* 111 Idaho 200, 202, 722 P.2d 1067, 1069 (Ct.App.1986). Only upon a showing of such adverse effect is the prejudice from counsel's error presumed. *Strickland, supra,* 466 U.S. at 692, 104 S.Ct. at 2067, citing *Cuyler, supra.*

In ruling on Beasley's application for post-conviction relief, the district court did not analyze Beasley's claims of ineffective assistance based on a conflict of interest separately from his allegation of counsel's failure to

file an appeal. The district court only considered the alleged conflict of interest as a possible explanation for counsel's failure to appeal Beasley's conviction. The district court then determined that Beasley had failed to show he was prejudiced as a result of his counsel's failure to file the appeal.

It would have been preferable for the district court to have examined Beasley's allegations of conflict of interest at the various stages of the proceedings in this case. Although the district court made no finding as to whether a conflict existed, we are not bound to order a reversal where the record is clear and yields an obvious answer to the relevant question. *Davis v. State*, 116 Idaho 401, 775 P.2d 1243 (Ct.App.1989).

Upon our review of the record, we find that Beasley's assertion that his counsel had been selected by the public defender and compensated from the public defender's contract funds suggests a conflict of interest which deprived him of his right to independent representation. Beasley makes a compelling argument against allowing the public defender to, in essence, pick his opponent by personally selecting conflicts counsel. Because of this selection process and method of payment, there is also a legitimate concern that conflicts counsel may be influenced by a personal, economic interest in future conflicts representation, which interest may be contrary to the interests of his client and lead counsel into tempering his advocacy on behalf of his client.

■■■■ While the contractual arrangement described here presents a potential conflict of interest, in order to prevail Beasley must not only show a conflict but that the conflict impaired counsel's performance. We conclude, however, that Beasley has not shown any deficiency in his counsel's performance stemming from the methodology used to select and compensate the conflict attorney. The possibility of conflict is insufficient to impugn a criminal conviction. *Cuyler, supra*, 446 U.S. at 350, 100 S.Ct. at 1719.

We conclude that the only showing of prejudice made by Beasley was that which stemmed from counsel's failure to file the appeal which Beasley had requested. We affirm the district court's denial of post-conviction relief on Beasley's claim of ineffective assistance of counsel founded on his conflict of interest allegations.

## 3. MISCELLANEOUS ISSUES

The balance of Beasley's claims of ineffective assistance of counsel can be disposed of in a summary fashion. We have reviewed the district court's determination that Beasley failed to establish by a preponderance of the evidence that his trial counsel's performance was deficient when he did not file a motion to suppress Beasley's statement and did not meet with Beasley until the day of trial. We affirm the decision of the district court.

■■■■ Finally, we review the district court's determination that Beasley did not meet his burden of proof with regard to his claim that his counsel rendered ineffective assistance by failing to advise him not to give a statement to the police. The district court considered the testimony of counsel, indicating that he normally advised his clients not to make statements to the police. Beasley failed to present any evidence as to the advice counsel had given him regarding giving a statement, and the district court held counsel's conduct not to be deficient. In view of the absence of evidence of deficient performance, an essential element of the claim of ineffective assistance, the district court's denial of post-conviction relief is affirmed.

## CONCLUSION

The record herein demonstrates a factual basis for post-conviction relief on the ineffectiveness claim based on counsel's failure to appeal. The determination of whether an appeal should be taken or not rests solely with the accused and is not to be decided by his attorney. *Gardner v. State*, 91 Idaho 909, 912, 435 P.2d 249, 251 (1967). Under the facts in this case, counsel did not act to adequately protect Beasley's right to appeal. The judgment of conviction must be vacated and reentered to allow Beasley to seek review through a delayed appeal. All matters resolved in this opinion shall be *res judicata* on any such appeal. As to all other claims,

the district court's denial of post-conviction relief is affirmed.

WALTERS, C.J., and LANSING, J., concur.