**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39080**

| | | |
|---|---|---|
| **DAVID A. SAXTON,** | ) | **2012 Unpublished Opinion No. 561** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: July 24, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| _____ | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Jefferson County. Hon. Dane H. Watkins, Jr., District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Thompson Smith Woolf & Anderson, PLLC; Stevan H. Thompson, Idaho Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

David A. Saxton appeals from the district court's dismissal of his petition for post-conviction relief.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Although the record in this matter is limited, it appears from the registry of action[1] that Saxton pled guilty to one count of battery with intent to commit a serious felony, Idaho Code § 18-911. In June 2007, the district court sentenced Saxton to a unified term of ten years with two years determinate, but suspended the sentence and placed Saxton on probation for a period of fifteen years. During the period of probation, various probation violations occurred and in January 2009, the district court revoked probation and executed the original sentence.

_____

[1] The Idaho Supreme Court granted the State's motion to take judicial notice of the registry of action.

1

Saxton filed a pro se petition for post-conviction relief claiming ineffective assistance of counsel for failure to file an appeal. The district court entered a notice of intent to dismiss the petition, explaining that Saxton failed to state the underlying basis for his claim as required by I.C. § 19-4903. The notice required Saxton to provide the court, within twenty days, the grounds upon which his petition was based or his petition would be dismissed. Saxton did not provide further evidence or argument and, consequently, the district court entered an order dismissing Saxton's petition. Saxton timely appealed.

## II.

## ANALYSIS

Saxton argues that the district court erred by dismissing his petition for post-conviction relief. Saxton asserts he sufficiently alleged a claim of ineffective assistance of counsel based upon counsel's failure to file a direct appeal. The State contends that Saxton failed to set forth a valid claim upon which relief can be granted in his post-conviction petition.

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like the plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). However, a petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (quoting *Goodwin*, 138 Idaho at 271, 61 P.3d at 628). The petition must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1); *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal.

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of a petition is the procedural equivalent of summary judgment under Idaho Rule of Civil Procedure 56. A claim for post-conviction relief will be subject to summary dismissal if the petitioner "has not presented evidence making a prima facie case as to each essential element of the claims upon which the [petitioner] bears the burden of proof." *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998)). Thus, summary dismissal is permissible when the petitioner's evidence has raised no genuine issue of material fact that, if resolved in the petitioner's favor, would entitle the petitioner to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of a petition for post-conviction relief may be appropriate, however, even where the State does not controvert the petitioner's evidence because the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

When reviewing a district court's order of summary dismissal in a post-conviction relief proceeding, we apply the same standard as that applied by the district court. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010). On review of dismissal of a post-conviction relief petition without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions and admissions, together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 220 P.3d 1066 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, "while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted." *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069 (quoting *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985)); *see also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008).

Saxton's affidavit in support of his petition for post-conviction relief states: "On the 4th day of January, 2008 I had informed my attorney that I wanted him to file an appeal, and he refused to file notice of appeal, which denied me my [rights]." Saxton relies on *Beasley v. State*, 126 Idaho 356, 883 P.2d 714 (Ct. App. 1994), for the proposition that failure of counsel to perfect an appeal when expressly requested requires reinstatement of the right to appeal, with no

need to demonstrate prejudice. In *Beasley*, we held that the loss of the opportunity to appeal was itself sufficient prejudice. *Id.* at 362, 883 P.2d at 720. We noted that "under the facts in this case, counsel did not act to adequately protect Beasley's right to appeal." *Id.* at 363, 883 P.2d at 721. The difference between this case and *Beasley*, is that at the time Saxton states he demanded that his counsel appeal, he had no right to appeal. On appeal, Saxton acknowledges as much, stating that on January 4, 2008, "he was still caught up in the midst of various probation violation proceedings and there had not yet been an order entered imposing his sentence." No order had been filed within forty-two days of January 4, 2008, a prerequisite to appeal. *See* Idaho Appellate Rule 14(a). *Beasley* does not stand for the proposition that an untimely demand to appeal, or a demand to appeal when the "opportunity" to appeal does not exist, requires automatic reinstatement of appellate rights in post-conviction relief proceedings. Based on these facts, it cannot be said that counsel failed to adequately protect any right to appeal that Saxton enjoyed.

Saxton contends, however, that his own affidavit creates a factual ambiguity as to "why the appellant would have asked his attorney to file an appeal on January 4, 2008," thus raising an issue of fact as to the time frame in which he asked his counsel to file an appeal. Saxton's affidavit is unambiguous as to the date on which he asserts that he requested his counsel to file a notice of appeal. No appeal could have vested jurisdiction in the appellate court at that time and, therefore, Saxton cannot contend that failure to file an appeal occasioned a loss of his opportunity to appeal. Saxton failed to provide any further information to the district court to further illuminate the issue. Consequently, the district court did not err in dismissing Saxton's petition for post-conviction relief.

### III.

### CONCLUSION

The district court did not err in dismissing Saxton's petition for post-conviction relief. Accordingly, the district court's order summarily dismissing Saxton's petition for post-conviction relief is affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR.**