**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42444**

| | | |
|---|---|---|
| **THOMAS EDWARD PETERSON,** | ) | **2015 Unpublished Opinion No. 645** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: September 29, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>vacated</u> <u>and</u> <u>remanded</u>.

Dennis A. Benjamin of Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Thomas Edward Peterson appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we vacate and remand.

In September 2011, Peterson pled guilty to felony violation of a no-contact order and admitted to having violated his probation. The district court imposed a unified term of five years, with a minimum period of confinement of one and one-half years for violating the no-contact order. Following the entry of the judgment of conviction, Peterson filed an I.C.R. 35 motion for reduction of his sentence.

In February 2012, with the Rule 35 motion still pending before the district court, Peterson filed a notice of appeal from his judgment of conviction for violation of the no-contact order.

1

The Idaho Supreme Court entered an order conditionally dismissing the appeal on the ground that it was untimely and later dismissed the appeal on that basis. Meanwhile, the district court denied Peterson's Rule 35 motion and this Court affirmed in an unpublished opinion. *State v. Peterson*, Docket Nos. 39146, 39147, and 39783 (Ct. App. Mar. 19, 2013).

Peterson then filed a pro se petition for post-conviction relief asserting, among other things, that his trial counsel was ineffective for failing to file a timely notice of appeal from his felony no-contact order judgment of conviction. The state moved to summarily dismiss Peterson's petition. The district court granted the state's motion as to Peterson's post-conviction claims, with the exception of the claim that Peterson's trial counsel was ineffective for failing to file a timely notice of appeal.

At an evidentiary hearing, the parties stipulated that the appeal was, in fact, timely pursuant to Idaho Appellate Rule 14(a), which provides in relevant part:

> The time for an appeal from any criminal judgment, order or sentence in an action is terminated by the filing of a motion within fourteen (14) days of the entry of the judgment which, if granted, could affect the judgment, order or sentence in the action, in which case the appeal period for the judgment and sentence commences to run upon the date of the clerk's filing stamp on the order deciding such motion.

The parties stipulated that, because Peterson filed a Rule 35 motion within fourteen days of the entry of judgment and because he subsequently filed his notice of appeal from his judgment of conviction before the district court denied his Rule 35 motion, the February 2012 notice of appeal was timely. The district court agreed with the parties, concluding that the time for filing an appeal was tolled pending the outcome of the Rule 35 motion. Accordingly, the district court determined that Peterson's appeal was timely and encouraged Peterson to file an amended petition asserting ineffective assistance of appellate counsel for failing to address the issue of the time for appeal being tolled.

Peterson then filed an amended petition for post-conviction relief to include a new claim of ineffective assistance of appellate counsel. Peterson argued that his appellate counsel should have been aware of his pending Rule 35 motion and should have responded to the Idaho Supreme Court's notice of conditional dismissal by asserting that Peterson's February 2012 notice of appeal was timely pursuant to I.A.R. 14(a). The state conceded that appellate counsel's performance was deficient, but moved for summary dismissal on the ground that Peterson failed

to demonstrate that he was prejudiced by his counsel's deficient performance. The district court granted the state's motion on the same ground. Specifically, the district court reasoned that Peterson had only sought to challenge his sentence on appeal, and that this Court had already affirmed the denial of his Rule 35 motion and his sentence. Peterson timely appeals.

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177.

Peterson argues that the district court erred when it dismissed his petition for post-conviction relief because he demonstrated that he received ineffective assistance of counsel. Specifically, he argues that his appellate counsel permitted his appeal to be dismissed in part, which amounted to deficient performance and the loss of the direct appeal was prejudicial per se. The state argues that even assuming that Peterson's appellate counsel's performance was deficient, Peterson has failed to demonstrate prejudice because he had the opportunity to challenge the district court's denial of his Rule 35 motion as well as his sentence and conviction, but he declined to do so.

This Court addressed a similar issue in *Beasley v. State*, 126 Idaho 356, 361-62, 883 P.2d 714, 719-20 (Ct. App. 1994). In that case, Beasley filed a petition for post-conviction relief, asserting he received ineffective assistance of counsel because his counsel failed to file an appeal from Beasley's judgment of conviction. The district court denied relief and dismissed the petition, concluding that Beasley failed to show deficient performance by counsel or prejudice sufficient to satisfy the two-pronged *Strickland* test. *Beasley*, 126 Idaho at 359, 883 P.2d at 717. On appeal, this Court held that the loss of the opportunity to appeal due to counsel's failure to file an appeal, when a criminal defendant requested that counsel do so, was sufficient prejudice

3

to support a claim of ineffective assistance of counsel. *Id.* at 362, 883 P.2d at 720. Thus, we concluded that deficient performance of counsel deprived Beasley of his opportunity to appeal and that prejudice was presumed from such performance. *Id.* Accordingly, Beasley's judgment of conviction was vacated and reentered so Beasley could perfect a timely appeal. *Id.*

In this case, at the hearing on Peterson's petition, the district court found that appellate counsel failed to recognize Peterson's appeal was, in fact, timely and failed to bring to the Supreme Court's attention that the time for filing his appeal had been tolled. Like the defendant in *Beasley*, Peterson lost the right to appeal his judgment of conviction. Peterson's loss of his right to appeal is sufficient prejudice, in and of itself, to support a claim of ineffective assistance of counsel.[1] Therefore, the district court erred by summarily dismissing Peterson's petition for post-conviction relief. Thus, we vacate the district court's order summarily dismissing Peterson's petition for post-conviction relief and remand to the district court for entry of an amended judgment of conviction consistent with this opinion. Costs, but not attorney fees, are awarded to Peterson on appeal.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.

---

[1] We note that Peterson's appeal from the denial of his Rule 35 motion was not a substitute for an appeal from his sentence, particularly because he did not present any new information to support his Rule 35 motion.