IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 44529

| LESTER LAURAL JONES, | ) | 2017 Unpublished Opinion No. 523 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: July 18, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County. Hon. Gregory W. Moeller, District Judge.

Order denying petition for post-conviction relief, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Lester Laural Jones appeals from the district court's denial of Jones's petition for post-conviction relief. Jones argues the district court erred when it failed to make factual and legal findings regarding two claims. A district court is required to make findings when it conducts an evidentiary hearing and thereafter, denies a petition for post-conviction relief. However, because the failure to make findings did not affect Jones's substantial rights and the record yields an obvious answer to the relevant issues, we affirm the district court's denied of the petition.

I.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Jones with statutory rape. Idaho Code § 18-6101(1). The State also sought to enhance Jones's sentence because Jones was a persistent violator. The district court appointed counsel to represent Jones but Jones retained substitute counsel before entering a plea. Jones pled guilty to statutory rape and the State dismissed the sentence enhancement. Jones was

sentenced to a unified term of thirty years, with a minimum period of confinement of ten years. Jones sought reduction of his sentence in an Idaho Criminal Rule 35 motion and on direct appeal. The district court denied Jones's Rule 35 motion, and in an unpublished opinion this Court affirmed Jones's judgment of conviction. Jones filed a petition for post-conviction relief alleging ineffective assistance of counsel in deciding whether to plead guilty and also at sentencing.

Jones claimed that he was denied his right to effective assistance of both appointed and substitute counsel in: (1) deciding whether to enter a guilty plea or take the case to trial; and (2) at sentencing. The State filed a motion for summary dismissal of Jones's claims. The district court summarily dismissed Jones's claims relating to appointed counsel and set an evidentiary hearing on the claims relating to substitute counsel.[1] Following the hearing, the district court denied Jones's remaining claims. Jones appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be

---

[1] The district court reasoned that Jones's claims relating to appointed counsel were moot because Jones retained substitute counsel before entering a plea and substitute counsel could have cured any of the alleged deficiencies in appointed counsel's performance. On appeal, Jones does not challenge the summary dismissal of his claims relating to appointed counsel. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Therefore, our review is confined to the denial of Jones's claims relating to substitute counsel.

accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

## III.

## ANALYSIS

On appeal, Jones argues that the district court erred in denied Jones's ineffective assistance of counsel claim. Specifically, Jones asserts that the district court failed to make the requisite findings of fact and conclusions of law before denying the claims pertaining to the alleged failure to obtain a private psychosexual evaluation and the Rule 35 appeal. When a court conducts an evidentiary hearing in a post-conviction proceeding, the district court is required to make specific findings of fact and expressly state its conclusions of law, relating to each issue presented. I.C. § 19-4907(a). However, this Court will generally not address issues that are raised for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Jones failed to raise to the district court the issue of allegedly deficient factual findings and legal conclusions. Thus, Jones waived any claim that the district court failed to make findings.

Alternatively, the district court's failure to make specific findings of fact and conclusions of law regarding Jones's claims pertaining to the failure to obtain a private psychosexual evaluation or failing to appeal from the denial of the Rule 35 motion is not reversible if it did not affect Jones's substantial rights and the record yields an obvious answer to the relevant issues.

3

When denying a petition for post-conviction relief, the district court is required to make specific findings of fact and conclusions of law relating to each issue presented. I.C. § 19-4907(a). The purpose behind the requirement in I.C. § 19-4907(a) is to provide an adequate record for appellate review. *Maxfield v. State*, 108 Idaho 493, 497, 700 P.2d 115, 119 (Ct. App. 1985). This Court has therefore held that under I.C. § 19-4907(a), an appellate court may disregard the absence of findings and conclusions only where the record yields a clear and obvious answer to the relevant questions. *Id.* Likewise, the Idaho Supreme Court has found that a district court's procedural error was not reversible because the error did not affect the petitioner's substantial rights. *Melton v. State*, 148 Idaho 339, 341-42, 223 P.3d 281, 283-84 (2009).

To succeed on an ineffective assistance of counsel claim, Jones must show that: (1) substitute counsel's performance was deficient; and (2) the deficient performance prejudiced Jones. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Here, the record yields an obvious answer to the question of whether trial counsel rendered deficient performance when he failed to obtain a private psychosexual evaluation. At the evidentiary hearing, Jones testified that he told substitute counsel that Jones had a conflict with the court-appointed psychosexual evaluator and asked substitute counsel to request a specific private psychosexual evaluator with the district court providing funding for the evaluation. Substitute counsel testified that he did not recall which specific psychosexual evaluator Jones requested but that they agreed to use the court-appointed psychosexual evaluator which is why substitute counsel did not request the private evaluator. Assuming *arguendo* that substitute counsel's failure to request the private psychosexual evaluator was deficient, Jones cannot show prejudice. Jones admitted to the sexual contact, admitted knowing the victim's age, and a paternity test confirmed that Jones was the biological father of the victim's child--those facts would not have changed had a private evaluation been obtained. Moreover, Jones has not established what conflict he had with the court-appointed evaluator, how that alleged conflict affected the outcome of the psychosexual evaluation, or that a different psychosexual evaluation would have changed the results of the evaluation. Thus, Jones has not established any prejudice when his counsel did not request the private evaluator instead of the court-appointed evaluator. Because Jones cannot establish prejudice, he has not demonstrated his substantial rights were affected and therefore, the lack of findings on this issue is not reversible error.

4

As to the second claim, the failure to pursue the Rule 35 appeal did not constitute ineffective assistance of counsel. Where the defendant has not conveyed his or her intent with respect to an appeal either way, the court must first determine whether trial counsel consulted with the defendant about an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In this context, the term "consult" means advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes. *Id.* at 478. If counsel has consulted with the defendant, then counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with regard to an appeal. *Id.* On the other hand, an attorney who disregards specific instructions from a defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Beasley v. State*, 126 Idaho 356, 360, 883 P.2d 714, 718 (Ct. App. 1994). Where counsel refuses a defendant's request to appeal, prejudice is presumed. *Id.* at 359, 883 P.2d at 717.

The record in this case is clear that Jones had the opportunity to appeal the denial of his Rule 35 motion. Appellate counsel specifically addressed the Rule 35 issue in the direct appeal. As noted in the appellant's brief in *State v. Jones*, Docket No. 40863, counsel states:

> Mr. Jones also filed a motion for leniency under I.C.R. 35. (R., pp.46-47.) On appeal, Mr. Jones does not challenge the denial of his Rule 35 motion, as there was no new information presented in conjunction with his Rule 35 motion. (R., pp.46-47.) The Idaho Supreme Court has held that "[w]hen presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the Rule 35 motion.["] *State v. Huffman*, 144 Idaho 201, 203 (2007). "An appeal from the denial of a Rule 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information.["] *Id.*

*State v. Jones*, Docket No. 40863, 2-3 n.1. Because the denial of Jones's Rule 35 motion was addressed in the Jones's direct appeal, there was no need to file a separate notice of appeal. Accordingly, the record yields a clear and obvious determination that Jones failed to establish deficient performance and consequently, a claim of ineffective assistance of counsel claim.

5

## IV.
## CONCLUSION

The failure of the district court to make findings and state conclusions on every claim raised by Jones does not require reversal. The district court's determination that Jones failed to establish an ineffective assistance of counsel claim on either the failure to obtain a private psychosexual evaluation or the failure to file an appeal from the denial of the Rule 35 motion is supported by the record and does not affect Jones's substantial rights. Accordingly, Jones failed to show that the district court erred in denying Jones's petition for post-conviction relief.

Judge GUTIERREZ and Judge MELANSON **CONCUR**.