# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47576

| | |
|---|---|
| PETER FRANKLIN GOULLETTE, <br><br> Petitioner-Appellant, <br><br> v. <br><br> STATE OF IDAHO, <br><br> Respondent. | ) <br> )    **Filed: March 3, 2021** <br> ) <br> )    **Melanie Gagnepain, Clerk** <br> ) <br> )    **THIS IS AN UNPUBLISHED** <br> )    **OPINION AND SHALL NOT** <br> )    **BE CITED AS AUTHORITY** <br> ) <br> ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Judgment of the district court summarily dismissing petition for post-conviction relief, <u>affirmed in part</u>, <u>vacated in part</u>, and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Peter Franklin Goullette appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. Goullette argues that the district court erred by summarily dismissing Goullette's claim that he received ineffective assistance of counsel based on his trial counsel's failure to file a direct appeal upon request. For the reasons set forth below, we affirm the district court's judgment dismissing Goullette's petition for post-conviction relief on all claims except the failure to file a direct appeal claim. With respect to this claim, we vacate and remand the case to the district court.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2018, Goullette entered an *Alford*[1] plea to felony vehicular manslaughter, Idaho Code § 18-4006(3), and misdemeanor reckless driving, I.C. § 49-1401(1). Goullette was sentenced to ten years determinate and his trial counsel did not file a direct appeal or an Idaho Criminal Rule 35 motion to correct or reduce Goullette's sentence. In March 2019, Goullette filed an untimely pro se I.C.R. 35 motion, which the district court denied.

In June 2019, Goullette filed a pro se petition for post-conviction relief raising various claims of ineffective assistance of trial counsel. As pertinent to this appeal, Goullette alleged that his trial counsel provided ineffective assistance because counsel failed to file a direct appeal, although Goullette requested that he do so.[2] Thereafter, Goullette filed a motion for appointment of counsel and the district court granted Goullette's motion. Appointed counsel did not file an amended petition. Subsequently, the State filed a motion to summarily dismiss Goullette's petition arguing that Goullette forfeited his opportunity to seek post-conviction relief because he never sought appellate review of the matters in his petition and the petition "fail[ed] to allege sufficient grounds to determine ineffective assistance [of] counsel." After a hearing, the district court granted the State's motion for summary dismissal concluding that Goullette failed to allege sufficient facts to demonstrate *Strickland*[3] deficient performance or prejudice. Goullette timely appeals.

# II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141

---

[1]     *North Carolina v. Alford*, 400 U.S. 25 (1970).

[2]     Goullette does not challenge the district court's judgment dismissing his other claims in his petition for post-conviction relief and we, therefore, affirm the judgment as to those claims.

[3]     *Strickland v. Washington*, 466 U.S. 668 (1984).

Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

### III.

### ANALYSIS

Goullette argues that the district court erred by summarily dismissing his post-conviction claim that his trial counsel was ineffective for failing to file a direct appeal upon request.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578,

3

580, 181 P.3d 504, 506 (Ct. App. 2007). Generally, an attorney who disregards timely specific instructions from a defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Beasley v. State*, 126 Idaho 356, 360, 883 P.2d 714, 718 (Ct. App. 1994). Prejudice is presumed "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken." *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000).

Here, the district court dismissed Goullette's claim, concluding: (1) with respect to the *Strickland* deficiency prong, counsel's decision not to file a notice of appeal "can be considered strategic and tactical"; and (2) with respect to the *Strickland* prejudice prong, Goullette "presented no evidence that raise[d] a triable issue as to whether but for his counsel's errors, he would not have pled guilty and would have insisted on going to trial."

On appeal, Goullette contends that he alleged facts which, if true, would entitle him to relief as a matter of law. Specifically, Goullette argues that:

> [He] submitted an affidavit to the district court in support of his petition for post-conviction relief in which he stated, "I asked my attorney to file both an appeal and Rule 35 and he failed to do so on my behalf." The district court granted the State's motion for summary dismissal, reasoning that the decision as to whether to file an appeal upon request is considered strategic or tactical, and cannot serve as a basis for post-conviction relief. This is incorrect as a matter of law . . . . Because Mr. Goullette's petition and the accompanying affidavit allege facts that, if true, would entitle him to relief, his petition should not have been summarily dismissed.

In response, the State concedes that the basis of the trial court's decision was error. Nonetheless, the State argues that this Court can affirm the district court's summary dismissal using the "right result wrong reason" theory. According to the State, this Court can affirm the district court because Goullette failed to allege sufficient facts demonstrating that he is entitled to relief because Goullette "did not assert *when* he allegedly instructed his trial counsel to file a notice of appeal, and specifically, whether he made such a request within 42 days of the entry of the judgment of conviction as required by I[daho] A[ppellate] R[ule] 14(a)."[4] In reply, Goullette argues that this Court cannot affirm the lower court using the "right result wrong theory" approach in this case because the argument presented by the State on appeal was not raised by the State or decided by the court below. We agree with Goullette.

---

[4] In addition, the State argues that even if Goullette alleged this fact, the record demonstrates that Goullette did not make a timely request to his counsel to file an appeal.

4

We conclude, as the parties agree, that the district court erred by summarily dismissing Goullette's petition based on its flawed reasoning that trial counsel's failure to file an appeal upon request was strategic and tactical. An attorney's failure to file an appeal upon request cannot be considered strategic and tactical. *See Beasley*, 126 Idaho at 360, 883 P.2d at 718. Although the State asks this Court to affirm the district court using the "right result wrong reason" theory, it does so based on an argument not raised to or decided by the district court below. The State did not argue, in writing or at the hearing on its motion, that Goullette did not sufficiently allege that he made a timely request of his trial counsel to file an appeal. The timeliness of Goullette's request to counsel was not an issue even discussed below. Thus, we will not affirm the lower court based on a theory not presented or ruled upon. *See, e.g., State v. Hoskins*, 165 Idaho 217, 223-24, 443 P.3d 231, 237-38 (2019). Accordingly, we conclude that the district court erred by summarily dismissing Goullette's post-conviction claim that counsel was ineffective for failing to file a direct appeal upon Goullette's request.

### IV.

### CONCLUSION

The district court erred by summarily dismissing Goullette's petition for post-conviction relief on the grounds that trial counsel was ineffective for failing to file an appeal upon request. Accordingly, we affirm the district court's judgment summarily dismissing Goullette's petition for post-conviction relief as to all claims except the failure to file an appeal claim. As to that claim, we vacate and remand the case to the district court for further consideration consistent with this opinion.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.

5