792 P.2d 964

**Robert W. SANDERS,
Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 18008.

Court of Appeals of Idaho.

Feb. 2, 1990.

Petition for Review Denied
June 20, 1990.

Robert W. Sanders, Boise, pro se.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent.

**PER CURIAM.**

This is an appeal from an order denying an application for post-conviction relief. We affirm the order.

Following his plea of guilty to second degree murder, Robert Sanders received an indeterminate life sentence. Three years after the judgment of conviction was entered he filed an application under I.C. § 19–4901 for post-conviction relief. In his application, Sanders alleged that he had received ineffective assistance of counsel when his attorney, a public defender, failed to prosecute a direct appeal from the judgment of conviction.[1] He sought an appropriate order from the court that would give

---

1. Sanders was represented by the Twin Falls County Public Defender's Office during the plea and sentencing proceedings. Later, Sanders timely filed a motion, pro se, under I.C.R. 35 for reduction of his sentence. The public defender's office also undertook representation of Sanders at the hearing on that motion. Denial of relief upon the Rule 35 motion was upheld on an earlier appeal. *See State v. Sanders*, 112 Idaho 599, 733 P.2d 820 (Ct.App.1987). A summary of the facts underlying Sanders' conviction is set forth in that opinion.

him a renewed opportunity to appeal from the judgment of conviction. *See State v. Dillard*, 110 Idaho 834, 718 P.2d 1272 (Ct. App.) (review denied), *cert. denied*, 479 U.S. 887, 107 S.Ct. 283, 93 L.Ed.2d 258 (1986); *Flores v. State*, 104 Idaho 191, 657 P.2d 488 (Ct.App.1983).

After an evidentiary hearing, the district court denied relief to Sanders. The court dismissed the application on the ground that Sanders had failed to prove by a preponderance of the evidence that he had requested his attorney to file an appeal.

■ Our standard of review on an appeal in a post-conviction proceeding is well settled. A post-conviction applicant has the burden of proving the grounds upon which he seeks relief. I.C.R. 57(c); *e.g., Tramel v. State*, 92 Idaho 643, 448 P.2d 649 (1968). Because post-conviction relief proceedings are civil in nature, we will not disturb a judge's finding of fact unless it is clearly erroneous. I.R.C.P. 52(a); *Reeves v. State*, 105 Idaho 844, 673 P.2d 444 (Ct. App.1983). On review of an order denying post-conviction relief, the lower court's decision that the burden of proof has not been met by the applicant is entitled to great weight, *Larkin v. State*, 115 Idaho 72, 764 P.2d 439 (Ct.App.1988), and a finding that the party has failed to prove his claim will not be set aside unless that finding is clearly erroneous. *Id.*

■ It is also well settled that where state law allows for direct appeal of a criminal conviction, a defendant has a right to effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). The determination of whether an appeal should be taken rests solely with the defendant. *Gardner v. State*, 91 Idaho 909, 912, 435 P.2d 249, 252 (1967). His counsel has no duty to prosecute an appeal in the absence of an affirmative request from the defendant. *Id.* Where a criminal defendant advises his attorney of his desire to appeal, and the attorney fails to take the necessary steps to file the appeal, the defendant has a basis for a claim that he has been denied the right to effective assistance of counsel. *Dillard, supra; Flores, supra.* However,

"[i]t is implicit in this rule of law that the desire to appeal must have been communicated to counsel or otherwise understood by him." *Pinson v. State*, 688 S.W.2d 783, 785 (Mo.App.1985); *Sampson v. State*, 570 S.W.2d 337, 338 (Mo.App.1978). *See also Davis v. State*, 116 Idaho 401, 775 P.2d 1243 (Ct.App.1989) (review dismissed).

■ Here, the issue of effective assistance of counsel turns on the determination of a factual question—did Sanders communicate to his attorney the desire to pursue an appeal? On this question, Sanders presented at the post-conviction hearing the testimony of his wife who was present during the sentencing proceeding. She testified to the effect that, at the conclusion of Sanders' sentencing hearing, Sanders turned to his attorney and said "Appeal this." Sanders' wife also testified that in response to Sanders' statement, the attorney nodded his head affirmatively.

The state called the attorney as a witness to provide his version of the events. He testified that he did not remember whether Sanders had mentioned an appeal. He testified that because the choice to appeal lies with the defendant, if a defendant expressed a desire to appeal, the attorney would file a notice of appeal. He further testified that he did not file an appeal in Sanders' case and that he found no notations in a later review of Sanders' file that indicated an appeal should have been taken at Sanders' request. He concluded that "the fact that I didn't file an appeal leads me to believe that he didn't ask me [to]." Another attorney with the public defender's office—the one who handled Sanders' Rule 35 motion—also testified that he found no record or communication from Sanders concerning a direct appeal from the conviction. He testified that when he represented Sanders on the sentence reduction, the question of the status of such an appeal was never broached by Sanders.

The district court summarized the evidence and rejected Sanders' claim, as follows:

In reviewing the entire record, this court can only conclude that Sanders'

claim of ineffective counsel has not been proved by a preponderance of the evidence. There is simply no showing that [the attorney's] representation of Sanders was deficient with respect to his failure to file a direct appeal of the sentence. In viewing the testimony and credibility of the witnesses, this court cannot find that the petitioner has established, by a preponderance of the evidence, that a request for a direct appeal of the sentence was ever made to [the attorney]. Even accepting petitioner's testimony that he said "appeal this" to [the attorney] at the conclusion of the sentencing hearing, it is clear that in the commotion of the termination of proceedings that day and Mr. Sander's [sic] haste to turn from counsel table to the family of the murder victim to extend his apology, whatever communication he made to [the attorney] simply was not heard by [him], if in fact, the statement was made at all. Counsel cannot be held to execute on a client's request when the request is not fully and fairly communicated to counsel. Furthermore, throughout all of the contacts petitioner had with the Office of the Public Defender, including requests to gain custody of personal property held by the sheriff's office, the Rule 35 motion for reconsideration of sentence and the direct appeal thereon, Mr. Sanders never expressed to anyone in that office his wish to prosecute a direct appeal of the sentence. Mr. Sanders never inquired about the progress of such an appeal. Therefore, reviewing the entire record in this case, Sanders has failed to show that the request to appeal was adequately communicated to his attorney and that his attorney's failure to file the direct appeal resulted from his deficient performance.

It is readily apparent that the district court was confronted with facially conflicting evidence. The credibility of the witnesses, the weight to be given to their testimony and the inferences to be drawn from the evidence all were matters solely within the province of the judge presiding over the hearing. *Larkin, supra; Holmes v. State*, 104 Idaho 312, 658 P.2d 983 (Ct. App.1983). We are precluded from substituting our view of those matters for that of the trial judge, on appeal. Giving due consideration to the district court's role, we cannot say the court's determination, that Sanders failed to communicate his desire to appeal to his attorney, was clearly erroneous. Consequently, the court's conclusion that Sanders failed to prove that his counsel was ineffective, in failing to file an appeal, will not be disturbed.[2]

The order denying relief to Sanders on his post-conviction application is affirmed. No costs allowed.

---

**2.** By disposing of this case on the factual question of whether Sanders requested an appeal, we intimate no view that any such appeal would have been meritorious. So far as the record shows, Sanders did not identify the issues he wished to raise on appeal. In fact, he declined to specify any such issues when asked to do so by a motion for more definite statement, filed by the Twin Falls County Prosecutor in response to his post-conviction relief application.