882 P.2d 996

**Mark Shane WILBANKS, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 20963.

Court of Appeals of Idaho.

Oct. 11, 1994.

Hobdey & Hobdey, Gooding, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

LANSING, Judge.

Following a felony conviction, Mark Shane Wilbanks filed an application for post-conviction relief. A magistrate who had been appointed to hear the felony proceeding as a district judge *pro tempore* also presided over the post-conviction action and denied Wilbanks' application following an evidentiary hearing. On appeal, Wilbanks contends that the magistrate lacked authority to hear or render a decision in the post-conviction action, and that the magistrate erred in finding that Wilbanks was not deprived of effective assistance of counsel in the underlying criminal case. We affirm.

## I.

In 1992 Wilbanks was convicted of burglary and sentenced to a unified term of four years with two years determinate. His sentence initially was suspended and he was placed on probation. Following Wilbanks' violation of his probation terms, the probation was revoked and the previously suspended sentence was implemented. The judge who presided over the criminal case was an attorney magistrate who had been appointed district judge *pro tempore*, for purposes of that proceeding.

In August 1993, Wilbanks filed an application for post-conviction relief alleging, *inter alia*, that he had received ineffective assistance of counsel. Wilbanks alleged he had told his attorney in the criminal case of discussions between Wilbanks and an officer in the county sheriff's department in which the officer had agreed that Wilbanks would receive a lenient sentence upon probation revocation if he would assist the state by giving testimony against another individual. Wilbanks contended that his lawyer was ineffective because he failed to bring this alleged agreement to the court's attention at the probation revocation hearing or thereafter. Wilbanks also asserted that his lawyer had failed to file an appeal from the probation revocation order despite Wilbanks' direction to do so.

Wilbanks' post-conviction relief action was heard by the same magistrate who had presided over the underlying criminal action, although the manner by which the magistrate was assigned or assumed responsibility for the case is not revealed in the record. Wilbanks filed a motion to disqualify the magistrate without cause pursuant to I.R.C.P. 40(d)(1), which motion was denied.[1]

An evidentiary hearing was conducted on Wilbanks' application for post-conviction relief at which Wilbanks and his former counsel testified. Based upon that evidence, the trial court found that there was no deficiency in the performance of Wilbanks' former attorney and denied the application for post-conviction relief.

## II.

On appeal Wilbanks contends that the magistrate lacked jurisdiction to hear the post-conviction case because the matter was neither assigned nor properly assignable to the magistrate. Wilbanks asserts that neither I.C. § 1–2208 nor I.R.C.P. 82(c)(1) and (2) authorize assignment of post-conviction relief actions to magistrates. However, because Wilbanks did not raise this issue before the trial court, we decline to consider it on appellate review. *State v. Russell,* 122 Idaho 488, 490, 835 P.2d 1299, 1301 (1992); *Whitehawk v. State,* 119 Idaho 168, 170, 804 P.2d 341, 343 (Ct.App.1991).

Wilbanks asserts that he did raise this challenge to the magistrate's authority below by filing a motion to disqualify the magistrate, pursuant to I.R.C.P. 40(d)(1). That motion, however, was inadequate to raise the question of the magistrate's authority to preside in the post-conviction relief proceeding, for Wilbanks' motion was merely an attempt to invoke the right conferred on parties in most civil actions by Rule 40(d)(1) to disqualify one judge or magistrate without cause. Nothing in Wilbanks' motion drew into question the existence or validity of the magistrate's appointment to hear the post-

---

1. In the order denying the motion, the magistrate stated, "This Court was assigned to this petition in accordance with *Freeman v. State of Idaho,* 114 Idaho 521, 757 P.2d 1240 (Ct.App.1988), as it was the Court that presided over the underlying criminal case from which the petitioner seeks relief."

conviction proceeding or gave the magistrate notice that his authority to preside in this case was being questioned.[2] The motion was correctly denied because I.R.C.P. 40(d)(1)(I)(ii) provides that the general right to disqualify one judge or magistrate without cause does not apply in a post-conviction proceeding where the judge or magistrate assigned to hear that case also entered the judgment of conviction or sentence being challenged in the post-conviction action.

We are mindful that questions of subject matter jurisdiction cannot be waived and may be raised at any time, *see, e.g.* I.R.C.P. 12(h)(3); *Fairway Development v. Bannock County,* 119 Idaho 121, 126, 804 P.2d 294, 299 (1990), but the present issue of the propriety and sufficiency of an assignment to an attorney magistrate is not a question of subject matter jurisdiction. Rather, I.R.C.P. 82(c)(2) provides that "the jurisdiction of an attorney magistrate is the same as that of a district judge ...," and then delineates the types of cases that are assignable to attorney magistrates. Thus, the rule prescribes a division of labor between district judges and magistrates rather than a limitation upon lawyer magistrates' subject matter jurisdiction. Rule 82(c)(3) provides that any irregularity in the method or scope of assignment of a civil action to a magistrate and all objections to the propriety of an assignment are waived unless a written objection is filed before commencement of the trial or hearing. That rule further states that no order or judgment is void or subject to collateral attack merely because rendered pursuant to an improper assignment to a magistrate. Accordingly, irregularities in a magistrate's assignment to a particular case or in the scope of the assignment are procedural errors which may be waived, not jurisdictional deficiencies which can be asserted for the first time on appeal or in a collateral attack on the judgment. Consequently, Wilbanks' failure to challenge the presiding magistrate's authority in the proceedings below forecloses consideration of the challenge on appeal.

2. A challenge to a magistrate's authority should be made pursuant to I.R.C.P. 82(c), which specifies the categories of cases that are assignable to

### III.

We turn now to Wilbanks' assertion that the trial court erred in finding that Wilbanks received effective assistance of counsel in the criminal case. The right of a criminal defendant to be represented by counsel is guaranteed by the Sixth Amendment to the United States Constitution and Art. I, § 13 of the Idaho Constitution. One asserting ineffective assistance of counsel must demonstrate that his attorney's performance fell below an objective standard of reasonableness and that the client was prejudiced by the attorney's errors. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984); *Davis v. State,* 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct.App.1989). Evidence of an attorney's deficiency must be sufficient to overcome "a strong presumption that counsel's performance was within the wide range of reasonable professional assistance...." *Id.* See also *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

At the evidentiary hearing, Wilbanks testified that his former attorney had not informed the court of an agreement between Wilbanks and the Gooding County sheriff's department in which an officer said that Wilbanks' sentence would be reduced to six months upon the revocation of his probation if he would cooperate with the state by providing testimony against other individuals. Wilbanks contended that counsel's failure to rely on this alleged agreement constituted ineffective assistance of counsel.

The only evidence supporting the contention that Wilbanks had struck a sentencing agreement with the sheriff's office was Wilbanks' own testimony. Neither the sheriff nor anyone from his office was called as a witness. Wilbanks' former lawyer testified that after the probation revocation hearing, Wilbanks told the lawyer he had had conversations with an officer in the sheriff's department about being a witness for the State, but that the officer had changed his mind, so no agreement was reached.

magistrates and the proper methods of assignment.

After hearing all the evidence, the trial court found that Wilbanks and the sheriff's office never reached an agreement calling for a lenient sentence in exchange for Wilbanks' cooperation and that any such agreement may have been "a figment of the petitioner's imagination."[3]

One who applies for post-conviction relief bears the burden of proving, by a preponderance of the evidence, the allegations upon which his claim rests. I.C.R. 57(c); *Estes v. State*, 111 Idaho 430, 436, 725 P.2d 135, 141 (1986); *Reeves v. State*, 105 Idaho 844, 845, 673 P.2d 444, 445 (Ct.App. 1983); *Heck v. State*, 103 Idaho 648, 650, 651 P.2d 582, 584 (Ct.App.1982). The trial court's findings of fact in a post-conviction relief proceeding will not be disturbed on appeal unless they are clearly erroneous. I.R.C.P. 52(a). Findings are erroneous only if they are not supported by competent and substantial evidence. *Rasmussen v. Martin*, 104 Idaho 401, 404, 659 P.2d 155, 158 (Ct. App.1983); *State v. Russell*, 122 Idaho at 490, 835 P.2d at 1301. A trial court's decision that a party's burden of proof has not been met is entitled to great weight. *Sanders v. State*, 117 Idaho 939, 940, 792 P.2d 964, 965 (Ct.App.1990); *Larkin v. State*, 115 Idaho 72, 74, 764 P.2d 439, 441 (Ct.App.1988).

It is the province of the trial judge to assess the credibility of witnesses and draw inferences from evidence presented. *Sanders*, 117 Idaho at 941, 792 P.2d at 966. The trial court was not obligated to accept Wilbanks' testimony as true. *Larkin*, 115 Idaho at 73, 764 P.2d at 440. Consequently, the trial court's determination that Wilbanks failed to prove his claim by a preponderance of the evidence is not clearly erroneous.

Wilbanks' final contention is that his lawyer improperly declined to file an appeal from the order revoking Wilbanks' probation and requiring execution of the sentence. A criminal defendant's right to effec-

tive assistance of counsel includes the right to counsel on appeal. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Mata v. State*, 124 Idaho 588, 592, 861 P.2d 1253, 1257 (Ct.App.1993). It is for the convicted defendant, not the attorney, to decide whether to appeal. When a defendant directs his attorney to take an appeal, and the attorney neglects or refuses to do so, a deprivation of the right to effective assistance of counsel occurs. *Mata*, 124 Idaho at 593, 861 P.2d at 1258. If, however, the defendant makes an informed decision not to appeal based upon competent advice of the attorney, there is *no violation of the right to effective assistance of counsel. Id.*

Wilbanks testified that he asked his defense attorney to file an appeal upon the revocation of Wilbanks' probation. Wilbanks' former attorney also testified about their conversations concerning a possible appeal. He acknowledged that Wilbanks had inquired about an appeal but said that after two separate discussions on the subject, Wilbanks decided against appealing. The trial court specifically determined that the attorney's version of these communications was more truthful and accurate than that of Wilbanks. The court found that Wilbanks himself had decided not to pursue an appeal. This finding is supported by substantial evidence and will not be disturbed on appellate review.

The order denying Wilbanks' application for post-conviction relief is affirmed.

WALTERS, C.J., and PERRY, J., concur.

---

3. We do not intimate that a sentencing agreement with the individual in the sheriff's department, if made, necessarily would have been en-

forceable by Wilbanks. That issue is not before us.