**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38791**

| | |
|---|---|
| **KIRK JULLIARD GOSCH,** ) | |
| ) | **2012 Opinion No. 47** |
| **Petitioner-Appellant,** ) | |
| ) | **Filed: September 5, 2012** |
| **v.** ) | |
| ) | **Stephen W. Kenyon, Clerk** |
| **STATE OF IDAHO,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Judgment dismissing petition for post-conviction relief, <u>vacated</u> and <u>remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant. Sarah E. Tompkins argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

MELANSON, Judge

Kirk Julliard Gosch appeals from the district court's judgment dismissing his petition for post-conviction relief. For the reasons set forth below, we vacate and remand.

**I.**

**FACTS AND PROCEDURE**

Gosch was found guilty by a jury of manufacturing a controlled substance, I.C. § 37-2732(a); possession of marijuana with intent to deliver, I.C. § 37-2732(a); and possession of marijuana in excess of three ounces, I.C. § 37-2732(e). Gosch filed a petition for post-conviction relief, asserting that he received ineffective assistance of counsel because his trial counsel provided erroneous advice as to the potential consequences of filing an appeal. At an evidentiary hearing on this claim, Gosch asserted that he also received ineffective assistance of counsel because he asked counsel to file an appeal in his underlying criminal case, but no appeal was ever filed. The state did not object to the presentation of this additional claim at the evidentiary

1

hearing, the parties argued the merits, and the district court considered the claim. In the district court's findings of fact and conclusions of law in support of the judgment dismissing Gosch's petition, the district court determined that Gosch's claims of ineffective assistance of counsel failed. Gosch appeals.

## II.

## ANALYSIS

Gosch argues that the district court erred when it dismissed his petition for post-conviction relief because he demonstrated that he received ineffective assistance of counsel based upon his trial counsel's failure to file a notice of appeal in his underlying criminal case despite Gosch's unequivocal request that counsel do so.[1] Thus, Gosch asserts that his case must be remanded to the district court for entry of an amended judgment of conviction to allow him to perfect a timely appeal.

Post-conviction proceedings are civil in nature and therefore the petitioner must prove the allegations by a preponderance of the evidence. *McKinney v. State*, 133 Idaho 695, 699-700, 992 P.2d 144, 148-49 (1999). On review, the appellate court will not disturb the lower court's factual findings unless the factual findings are clearly erroneous. *Id.* at 700, 992 P.2d at 149. The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Peterson v. State*, 139 Idaho 95, 97, 73 P.3d 108, 110 (Ct. App. 2003). The appellate court exercises free review of the district court's application of the relevant law to the facts. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004).

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the

---

[1]    Gosch does not challenge the district court's determination that Gosch's claim that he received ineffective assistance of counsel because his trial counsel provided erroneous advice as to the potential consequences of filing an appeal failed.

burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177.

The district court found that, after the jury rendered its verdict, Gosch left the courthouse with his counsel in a confused and stressful state and informed counsel that he wanted to "appeal everything." The district court also found that, upon making such request, counsel directed Gosch to contact counsel's office the next day by scheduling an appointment because counsel wanted to allow Gosch time "to digest the verdict, and more clearly articulate exactly what he wanted to appeal." The district court found that, thereafter, Gosch never scheduled an appointment and never spoke with counsel regarding an appeal. Additionally, the district court found that counsel made several unsuccessful attempts to contact Gosch following his request to "appeal everything," including an attempt to make the public defender's investigator available to Gosch prior to his sentencing. The district court also found that Gosch was notified at sentencing of his right to appeal.

The district court correctly noted that, pursuant to *Beasley v. State*, 126 Idaho 356, 361-62, 883 P.2d 714, 719-20 (Ct. App. 1994), a defendant who proves that he or she was denied an appeal because counsel did not file an appeal as requested states a meritorious claim for ineffective assistance of counsel because the loss of the right to appeal is sufficient prejudice, in and of itself, to support such claim. In that case, Beasley filed a petition for post-conviction relief, asserting he received ineffective assistance of counsel because counsel failed to file an appeal from Beasley's judgment of conviction. Beasley and his trial counsel testified at the hearing on his petition. Following the hearing, the district court denied relief and dismissed the petition, concluding that Beasley failed on his claim to show deficient performance by counsel or prejudice sufficient to satisfy the two-pronged standard for ineffective assistance derived from *Strickland*. *Beasley*, 126 Idaho at 359, 883 P.2d at 717.

On appeal, this Court noted that it was undisputed that Beasley advised his counsel of his desire to appeal his conviction and that the record clearly showed that counsel understood Beasley desired to appeal. We determined that the loss of the opportunity to appeal due to counsel's failure to file an appeal when a criminal defendant requested that counsel do so was sufficient prejudice to support a claim of ineffective assistance of counsel. *Beasley*, 126 Idaho at

362, 883 P.2d at 720. Having determined that Beasley's counsel either neglected or refused to file an appeal despite Beasley's request, we concluded that deficient performance of counsel deprived Beasley of his opportunity to appeal and that prejudice was presumed from such performance. *Id.* Accordingly, Beasley's judgment of conviction had to be vacated and reentered so Beasley could perfect a timely appeal. *Id.*

> Here, at the hearing on Gosch's petition, the district court stated:
>
>> I think this case is distinguishable from *Beasley* in the sense that Mr. Gosch was afforded an opportunity to discuss an appeal. He was invited to make an appointment to discuss it. And he failed to follow up on multiple opportunities to do so. The Court finds that based upon the distinguishing facts that he did not make a request after the judgment was filed, he did not make an appointment after he was invited to do so, that the *Beasley* rule doesn't apply. There was no binding request for an appeal to be filed. Accordingly, the petition is denied.

In the written conclusions of law, the district court stated that *Beasley* was distinguishable from Gosch's case "because *Beasley* requested an appeal of his conviction, and the record clearly showed that trial counsel, and the public defender who assumed representation of Beasley after entry of his judgment of conviction, understood that Beasley desired to appeal."

Relying upon *Sanders v. State*, 117 Idaho 939, 792 P.2d 964 (Ct. App. 1990); *State v. Dillard*, 110 Idaho 834, 718 P.2d 1272 (Ct. App. 1986); and *Flores v. State*, 104 Idaho 191, 657 P.2d 488 (Ct. App. 1983), the district court properly concluded that its decision should be based on whether Gosch's desire to appeal was adequately communicated to his counsel *and* whether counsel's failure to file an appeal resulted from deficient performance that deprived Gosch of the opportunity to appeal. The district court then reiterated that, in this case, Gosch made a single request to "appeal everything" during a time of confusion and stress directly after the jury rendered its verdict and before a sentence or judgment had been entered. The district court again noted that, while Gosch's counsel directed him to set up an appointment to discuss a potential appeal, Gosch did not thereafter contact counsel or respond to attempted correspondence from counsel and never again evidenced a desire to appeal. The district court determined that Gosch's request to appeal was not ignored by counsel but, rather, Gosch ignored counsel. The district court also determined that it was not counsel's inaction that caused Gosch to not appeal, but Gosch's own inaction that resulted in failure to file an appeal. Thus, the district court concluded that Gosch's request was not fully and fairly communicated to counsel so as to warrant a

4

conclusion that it was counsel's ineffective assistance that deprived Gosch of the opportunity to appeal. The district court finally concluded that counsel reasonably believed Gosch had abandoned any desire to file an appeal because Gosch ignored counsel's repeated attempts to communicate with Gosch regarding an appeal. Accordingly, the district court entered a judgment dismissing Gosch's petition.

It is undisputed that, after the jury rendered its verdict, Gosch requested that counsel "appeal everything." It is also undisputed that, thereafter, Gosch's counsel never filed an appeal. We conclude that the district court erred in determining that Gosch's case is distinguishable from *Beasley* such that *Beasely* does not apply in this case because Gosch requested that his counsel "appeal everything" after the jury rendered its verdict as opposed to after sentencing and entry of judgment. Specifically, I.C. § 19-2317 provides:

> When the verdict given is such as the court may receive, the clerk must immediately record it in full upon the minutes, read it to the jury, and inquire of them whether it is their verdict. If any juror disagree, the fact must be entered upon the minutes and the jury again sent out; but if no disagreement is expressed, the verdict is complete, and the jury must be discharged from the case.

A legal conviction occurs when a verdict or plea of guilty is accepted by the court. *State v. Wagenius*, 99 Idaho 273, 278, 581 P.2d 319, 324 (1978). Idaho Appellate Rule 17(e)(2) provides that a notice of appeal filed from an appealable judgment or order before formal written entry of such document shall become valid upon the filing and placing of the stamp of the clerk of the court on such appealable judgment or order, without refiling the notice of appeal. Therefore, Gosch's attorney could have filed an appeal after the jury rendered its verdict, but before entry of judgment, and such appeal would have become valid upon the filing and placing of the stamp of the clerk upon such judgment and without refiling. Thus, it is of no consequence that Gosch's request that counsel file an appeal occurred after the jury rendered its verdict as opposed to after sentencing and the entry of judgment.[2]

The district court also erred in ruling that *Beasley* does not apply in this case because the record does not show Gosch's counsel did not understand that Gosch desired to appeal. At the hearing on Gosch's petition, Gosch's counsel testified that, after the jury rendered its verdict and

---

[2]     We do not address a request to appeal a conviction made prior to the jury reaching a verdict.

5

counsel left the courthouse with Gosch, he requested that counsel "appeal everything." Thus, the record shows that Gosch's counsel understood that Gosch desired to appeal.

Similarly, the district court erred in ruling that Gosch's request to file an appeal was not fully and fairly communicated to counsel because, after making such request, Gosch did not schedule an appointment with counsel as directed and did not respond to counsel's attempted correspondence prior to sentencing to discuss a potential appeal. This case is unlike *Sanders* where this Court affirmed the district court's dismissal of Sanders' petition after the district court, when faced with conflicting evidence about whether Sanders ever requested an appeal, made a credibility determination and concluded that Sanders failed to communicate his desire to appeal to counsel. *Sanders*, 117 Idaho at 940-41, 792 P.2d at 965-66. Here, as noted above, it is undisputed that, after the jury rendered its verdict, Gosch requested that his counsel "appeal everything" and the record shows that counsel understood that Gosch desired to appeal.

While the district court concluded that Gosch's failure to schedule an appointment with counsel as directed and failure to respond to correspondence from counsel after he requested that counsel "appeal everything" excused counsel from filing an appeal, such conclusion goes against this Court's holding in *Beasley*. Specifically, we held that if counsel either neglects or refuses to file an appeal despite a criminal defendant's request to do so, counsel is deficient. *Beasley*, 126 Idaho at 362, 883 P.2d at 720. Whether counsel was able to make contact with Gosch after the jury rendered its verdict and Gosch requested that counsel "appeal everything," absent an express withdrawal of such request, counsel was required to file an appeal.[3]

The district court's conclusion that lack of contact with Gosch after he requested that counsel "appeal everything" excused counsel from filing an appeal is also contrary to the holding of the United States Supreme Court that:

> We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriquez v. United States*, 395 U.S. 327, 89 S. Ct. 1715, 23 L. Ed. 2d 340 (1969); cf. *Peguero v. United States*, 526 U.S. 23, 28, 119 S. Ct. 961,

---

[3]    We also note that Gosch appeared at sentencing with counsel. Gosch's counsel testified at the hearing on Gosch's petition for post-conviction relief that, just prior to sentencing, counsel reviewed the presentence investigation report with Gosch but did not discuss the possibility of an appeal. Further, Gosch's counsel testified that she did not discuss the possibility of an appeal with Gosch after sentencing and entry of the judgment of conviction.

143 L. Ed. 2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; *filing a notice of appeal is a purely ministerial task*, and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (emphasis added). Additionally, to require that, after a defendant makes a specific request that counsel file an appeal after the jury renders its verdict, the defendant must schedule an appointment with counsel if directed to do so or respond to attempted correspondence from counsel before such request will be honored permits counsel to condition the filing of an appeal upon such requirements. This goes against precedent indicating that the decision whether to prosecute an appeal rests with the defendant. *See Mata v. State*, 124 Idaho 588, 593, 861 P.2d 1253, 1258 (Ct. App. 1993).

Again, it is undisputed that in this case, after the jury rendered its verdict in Gosch's underlying criminal case, Gosch requested that counsel "appeal everything." The record shows that Gosch's counsel understood that Gosch desired to appeal and, thereafter, never filed an appeal. We hold that, when a defendant makes an unequivocal request that counsel file an appeal after the jury renders its verdict, counsel has an obligation to file such appeal unless the defendant thereafter expressly communicates to counsel that he or she no longer wishes to pursue the appeal. Here, there is no evidence that Gosch did so.[4] Thus, because Gosch's counsel did not file an appeal despite Gosch's unequivocal request that counsel do so after the jury rendered its verdict and Gosch did not expressly withdraw his request, we conclude that deficient performance of counsel deprived Gosch of the opportunity to appeal and that prejudice is presumed from such performance. Therefore, the district court erred by dismissing Gosch's petition for post-conviction relief. Gosch's judgment of conviction must be amended to allow Gosch to perfect a timely appeal.

---

[4] We recognize that, after an appeal is filed, an appellant might abandon his or her desire to prosecute an appeal and that, presumably, such abandonment could be inferred from conduct such as failure to communicate with counsel. We need not decide that question here.

### III.

### CONCLUSION

Gosch demonstrated that he received ineffective assistance of counsel based upon his counsel's failure to file a notice of appeal in his underlying criminal case. Accordingly, we vacate the district court's judgment dismissing Gosch's petition for post-conviction relief and remand to the district court for entry of an amended judgment of conviction consistent with this opinion. Costs, but not attorney fees, are awarded to Gosch as the prevailing party on appeal.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR.**