IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40919

| SCOTT ALEXANDER LYNEIS, | ) | 2014 Unpublished Opinion No. 439 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: April 3, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

District court's order summarily dismissing petition for post-conviction relief, affirmed in part, reversed in part, and remanded.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant. Ben P. McGreevy argued.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent. Daphne J. Huang argued.

_____

GRATTON, Judge

Scott Alexander Lyneis appeals from the district court's summary dismissal of his petition for post-conviction relief. We affirm in part, reverse in part, and remand.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Lyneis pled guilty to two counts of felony possession of sexually exploitative material. He did not file a direct appeal. Lyneis later filed a pro se Idaho Criminal Rule 35 motion to reduce his sentence. This Court affirmed the denial of the Rule 35 motion in *State v. Lyneis*, Docket No. 38365 (Ct. App. Aug. 29, 2011) (unpublished). Lyneis filed a petition for post-conviction relief asserting numerous claims. The district court appointed counsel and Lyneis filed an amended petition, again raising numerous claims. Relevant to this appeal, one of Lyneis' claims asserted that his trial counsel was ineffective for failing to appeal his sentence despite his request. The district court subsequently issued an order of conditional dismissal. The

1

court conditioned the dismissal on Lyneis providing reason within twenty days why the court should not dismiss his claims. After twenty days, and no further filings, the district court summarily dismissed the petition. Lyneis timely appeals.

## II.

## ANALYSIS

Lyneis claims the district court erred in summarily dismissing his claim that counsel was ineffective for failing to appeal his sentence. A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at

2

561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

Lyneis argues that the district court erred when it summarily dismissed his petition for post-conviction relief because he presented prima facie evidence of ineffective assistance of counsel for failing to appeal his sentence.[1] A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Generally, to establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231.

Lyneis contends that a genuine issue of material fact exists because his affidavit alleged that his attorney failed to file an appeal to challenge his sentence despite his timely request.[2] The district court concluded that Lyneis failed to show the outcome of the proceeding, that is his sentence, would have been different if he was granted an appeal. In *Gosch v. State*, 154 Idaho 71, 76, 294 P.3d 197, 202 (Ct. App. 2012), this Court held that "when a defendant makes an

---

[1] Lyneis has not challenged the dismissal of his other claims for post-conviction relief.

[2] Lyneis' amended petition for post-conviction relief alleged ineffective assistance for counsel's "[f]ailure to file a Notice of Appeal of Petitioner's sentence even though asked to do so by Petitioner."

4

unequivocal request that counsel file an appeal after the jury renders its verdict, counsel has an obligation to file such appeal unless the defendant thereafter expressly communicates to counsel that he or she no longer wishes to pursue the appeal." When an attorney fails to file an appeal when timely requested, "prejudice is presumed from such performance." *Id.* The prejudice suffered by counsel's failure to appeal is the opportunity to appeal. *Mata v. State*, 124 Idaho 588, 593, 861 P.2d 1253, 1258 (Ct. App. 1993); *Ricca v. State*, 124 Idaho 894, 898, 865 P.2d 985, 989 (Ct. App. 1993). This loss of opportunity is itself sufficient prejudice to meet the second *Strickland* prong of prejudice. *Hernandez v. State*, 127 Idaho 690, 691, 905 P.2d 91, 92 (Ct. App. 1995). Thus, a defendant need not establish meritorious issues that would have been raised. *Loveland v. State*, 141 Idaho 933, 936 n.3, 120 P.3d 751, 754 n.3 (Ct. App. 2005).

The State does not argue that Lyneis failed to present admissible evidence that he asked his attorney to file a direct appeal, or that a direct appeal was filed. Instead, the State argues that Lyneis received review of his sentence when this Court reviewed the denial of his Rule 35 motion. However, a Rule 35 motion is not a replacement for a direct appeal of a sentence. *See State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Gill*, 150 Idaho 183, 186, 244 P.3d 1269, 1272 (Ct. App. 2010). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *Huffman*, 144 Idaho at 203, 159 P.3d at 840. Though the expanded record may include beneficial information for a defendant, the expanded record may also include information that is harmful to the defendant's request for leniency. A court reviewing the denial of a Rule 35 motion does not simply consider the record as it existed at the time of sentencing, but instead considers the expanded record that exists at the time of the Rule 35 hearing. *State v. Galbraith*, 111 Idaho 379, 380, 723 P.2d 923, 924 (Ct. App. 1986). A defense attorney's failure to appeal a sentence as requested results in the loss of that appellate proceeding. An appeal of the denial of a Rule 35 motion is a different proceeding. Moreover, a Rule 35 proceeding focuses on the issue of leniency and a court reviews a record different in scope than what is considered in a direct review of a sentence. Lyneis did not appeal his original sentence and his allegation that his attorney failed to file the requested appeal is sufficient to survive summary dismissal.

## III.

## CONCLUSION

The district court erred by summarily dismissing Lyneis' claim of ineffective assistance of counsel for the alleged failure of his attorney to timely file a direct appeal of his sentence. Therefore, we vacate the order of dismissal as to this claim and remand to the district court. We affirm the district court's dismissal of Lyneis' other claims for relief.

Judge LANSING and Judge MELANSON **CONCUR.**