IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40822

| DAMON MARCELINO LOPEZ, | ) | 2014 Unpublished Opinion No. 722 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: September 15, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Bradly S. Ford, District Judge.

Judgment denying petition for post-conviction relief, affirmed.

Damon Marcelino Lopez, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Damon Marcelino Lopez appeals from the judgment of the district court denying Lopez's amended petition for post-conviction relief following an evidentiary hearing. For the reasons that follow, we affirm.

I.

FACTS AND PROCEDURE

Lopez was charged with sexual battery of a minor child of sixteen or seventeen years of age and was alleged to be a persistent violator. Initially, a public defender was appointed to represent Lopez, but Lopez later retained a private defense attorney. Lopez then entered a plea agreement with the State and pleaded guilty to the sexual battery charge; the State dismissed the persistent violator allegation. After Lopez entered his plea, but before sentencing, the private defense attorney moved to withdraw, and the court granted the defense attorney's motion. The public defender was then reappointed to represent Lopez. Lopez was sentenced to a unified term of twenty-eight years, with seven years determinate.

1

Lopez filed a pro se petition for post-conviction relief, claiming ineffective assistance of counsel and claiming that defense counsel failed to inform him of his *Estrada*[1] rights. Lopez was later appointed post-conviction counsel, and that attorney filed an amended petition for post-conviction relief, also alleging ineffective assistance of counsel and claiming that defense counsel failed to inform Lopez of his *Estrada* rights. The district court conducted an evidentiary hearing at which the private defense attorney, the public defender, the parole officer who supervised Lopez, and Lopez testified. The district court issued a memorandum decision denying Lopez's claims for post-conviction relief. Lopez appealed and moved the court to appoint the State Appellate Public Defender (SAPD), which the district court did. Subsequently, the SAPD moved the Idaho Supreme Court to withdraw, and the Supreme Court granted the SAPD's motion. Lopez has since proceeded pro se.

## II.

## STANDARD OF REVIEW

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. Idaho Code § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. Idaho Rule of Civil Procedure 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

## III.

## ANALYSIS

Lopez raises four issues on appeal. Lopez first takes issue with the lack of counsel in this appeal. Second, Lopez contends that his public defender provided ineffective assistance of

---

[1]     *See Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006).

counsel by not properly preparing for sentencing. Next, Lopez argues that his public defender provided ineffective assistance of counsel by failing to file an appeal. Finally, Lopez asserts that his public defender failed to advise Lopez of his rights under *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006) and that he was coerced into participating in the psychosexual evaluation.

We begin by addressing Lopez's first issue concerning the lack of counsel in this appeal. It is well established in Idaho that there is no constitutional right to counsel in post-conviction-relief proceedings. *Eby v. State*, 148 Idaho 731, 737, 228 P.3d 998, 1004 (2010); *Lee v. State*, 122 Idaho 196, 199, 832 P.2d 1131, 1134 (1992). Idaho Code § 19-4904 provides that an attorney may be appointed to represent the petitioner by the district court during the preparation of the petition, at the district court, and on appeal. Here, the district court appointed the SAPD to represent Lopez on appeal, but the Idaho Supreme Court granted the SAPD's motion to withdraw. We do not, however, have the authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. *See State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012). Such an undertaking would be tantamount to the Court of Appeals entertaining an appeal from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. *Id.* Hence, we are unable to resolve Lopez's first issue in his favor.

## A. Ineffective Assistance of Counsel

Lopez contends that his public defender provided ineffective assistance of counsel by not properly preparing for sentencing. Lopez also argues that his public defender provided ineffective assistance of counsel by failing to file an appeal. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). This Court has long adhered to the proposition that tactical or strategic

decisions of defense counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Generally, defense counsel is bound to conduct a prompt and thorough investigation of defense counsel's case. *Richman v. State*, 138 Idaho 190, 193, 59 P.3d 995, 998 (Ct. App. 2002) (discussing whether defense counsel was deficient for failing to investigate and present mitigating evidence at sentencing of defendant's mental condition). A decision not to investigate or present mitigating evidence is assessed for reasonableness, giving deference to counsel's judgment. *Id.*; *see also Wallace v. Ward*, 191 F.3d 1235, 1247 (10th Cir. 1999).

### 1. Inadequate preparation

Lopez contends that the public defender failed to adequately prepare for Lopez's sentencing. In his amended petition, Lopez generally alleged that he did not meet with his attorney for more than an hour during the course of his criminal proceedings and was unable to have the testimony of the parole officer admitted into evidence. Relevant to this appeal, at the evidentiary hearing, Lopez testified that he sent a letter to the public defender informing the public defender that his parole officer would be willing to attest to Lopez's good conduct at sentencing. The public defender testified that he did not recall receiving a letter and also testified that he would not, as a matter of strategy, call a parole officer to testify at the sentencing stage. According to the public defender, the parole officer would not benefit a defendant at sentencing. The parole officer who Lopez wanted to testify at the sentencing hearing testified at the evidentiary hearing. After initially stating that he would have informed the court at sentencing that he had "no red flags" with Lopez, on cross-examination, the parole officer stated that he was "not sure what [he] would have said at that time." The district court determined that Lopez had not shown that his public defender provided deficient performance nor shown that he was prejudiced by inadequate preparation or by the public defender's failure to call the parole officer to testify.

Determinative of this issue is the fact that Lopez has not demonstrated that the public defender's strategic decision not to admit testimony or other evidence from the parole officer, assuming that Lopez did request such evidence, was based on inadequate preparation, ignorance of relevant law, or other shortcomings. In addition, Lopez has failed to demonstrate how he was prejudiced by the failure to admit testimony from the parole officer, especially when the parole

4

officer's testimony at the evidentiary hearing was uncertain. The remainder of Lopez's claims, contending that the public defender should have conducted interviews with family members, is purely conjectural and is not supported by admissible evidence demonstrating both deficient performance and prejudice. Accordingly, we cannot say that the district court erred when it denied this claim of ineffective assistance of counsel.

### 2.    Failure to file an appeal

Lopez next argues that the public defender failed to file an appeal. Specifically, Lopez asserts that he wanted to appeal the length of the sentence imposed and the denial of his I.C.R. 35 motion. However, in his pro se petition for post-conviction relief, Lopez asserted that the public defender did not inform Lopez of his right to appeal. Lopez did not raise this issue in his amended petition. At the evidentiary hearing, Lopez acknowledged that he was informed of his right to an appeal. Based on questions asked by post-conviction counsel at the hearing, it appears that the district court presumed Lopez was raising the issue of whether the public defender provided ineffective assistance of counsel by failing to file an appeal at Lopez's request. *See Gosch v. State*, 154 Idaho 71, 76, 294 P.3d 197, 202 (Ct. App. 2012) (presuming *Strickland* prejudice when a defendant proves that he made an unequivocal request for counsel to file an appeal). The district court determined that Lopez did not prove by a preponderance of the evidence that he requested the public defender to file an appeal.

In his opening brief for this appeal, Lopez claims that in his original, pro se petition and affidavit he "alleged that he was requesting that an appeal be filed as to the length of the sentence imposed, as to the denial of his Rule 35 motion." Lopez does not provide a citation to the record that backs his assertion. This is for a good reason. Lopez's affidavit does not state that Lopez wrote a letter to the public defender asking the public defender to file an appeal.[2] Lopez, himself, acknowledged at the evidentiary hearing that he did not request an appeal:

| [Post-conviction counsel]: | Okay. But did you request of your attorney to file an appeal? |
|---|---|
| [Lopez]: | No, I don't think I did. But it's 'cause I was just in shock of the sentence and everything, so I didn't--you know, like I said, I don't know all the processes. So -- |

---

[2]    The only reference to a letter in the affidavit is when Lopez complains of defense counsel's availability and preparation. As for the appeal, Lopez states, "After sentencing my lawyer failed to inform me of my right to appeal in writing or any other communication."

Thus, Lopez has not established by a preponderance of the evidence that he requested his counsel to file an appeal. Accordingly, the district court did not err by denying Lopez's claim that the public defender provided ineffective assistance of counsel by failing to file an appeal.

**B.     *Estrada* Rights and Lopez's Psychosexual Evaluation**

In his amended petition for post-conviction relief, Lopez contended that he was not informed of his Fifth Amendment right to remain silent in a psychosexual examination. *Estrada*, 143 Idaho at 561-63, 149 P.3d at 836-38 (holding that a defendant has a right to the advice of counsel regarding the defendant's participation in a psychosexual evaluation); *Gonzales*, 151 Idaho at 173, 254 P.3d at 74 (noting that *Estrada* "requires counsel to inform the defendant of his or her Fifth Amendment right to remain silent as to the psychosexual evaluation and that anything the defendant says to the evaluator will be disclosed to the court for its consideration in formulating the defendant's sentence"); *see also Hughes v. State*, 148 Idaho 448, 457, 224 P.3d 515, 524 (Ct. App. 2009) (concluding that the Sixth Amendment right to effective assistance of counsel does not require defense counsel's physical presence at the psychosexual evaluation). Following the evidentiary hearing, the district court specifically determined that Lopez was informed by the private defense attorney and by the court of his right to remain silent during the psychosexual examination.

Now on appeal, Lopez argues that the public defender, the attorney he had at the time of the psychosexual evaluation, did not inform him of his right to remain silent. Lopez, however, acknowledges in his own appellate brief that he was informed of his rights by the private defense attorney. Even though Lopez decided to terminate his representation by the private defense attorney and resume (again) with the public defender, this does not change the fact that in this criminal proceeding, and before the psychosexual evaluation, Lopez was informed of his *Estrada* rights.[3] Therefore, the district court did not err when it denied Lopez's claim that he was not informed of his Fifth Amendment right to remain silent in a psychosexual evaluation.

Lopez also argues that his psychosexual evaluation was coerced. Lopez did not raise this issue below, and generally, issues not raised below may not be considered for the first time on

---

[3]     Lopez was informed of his *Estrada* rights by the private defense attorney before the change-of-plea hearing and then by the court at the change-of-plea hearing.

appeal.  *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991).  Accordingly, we will not consider this issue.

## III.

## CONCLUSION

We lack the authority to review the Idaho Supreme Court's order permitting the SAPD to withdraw.  The district court did not err by denying Lopez's claim that the public defender provided ineffective assistance of counsel by failing to adequately prepare for sentencing.  Lopez has not shown that the public defender's strategic choice not to present the testimony of the parole officer, assuming Lopez requested that testimony, was based on inadequate preparation, ignorance of relevant law, or other shortcomings.  Additionally, Lopez failed to demonstrate prejudice from the failure to call the parole officer.  We also conclude that the district court did not err by denying Lopez's claim that the public defender provided ineffective assistance of counsel by failing to file an appeal.  Lopez did not prove by a preponderance of the evidence that he requested the public defender to file an appeal.

As to Lopez's claim that he was not advised of his *Estrada* rights, the record plainly reveals that Lopez was advised of his *Estrada* rights before the psychosexual evaluation by the private defense attorney and by the court, although not by the attorney at the time of the psychosexual evaluation.  Accordingly, Lopez was properly advised of *Estrada* rights.  Therefore, we conclude that the district court did not err by denying Lopez's amended petition for post-conviction relief, and the judgment of the district court is affirmed.

Judge GRATTON and Judge MELANSON, **CONCUR.**

7