Irene USELTON, Petitioner,

v.

MIDWEST CITY, a Municipal Corporation, and the State Industrial Commission, Respondents.

No. 37764.

Supreme Court of Oklahoma.

Feb. 4, 1958.

Harry Neuffer, Oklahoma City, for petitioner.

Edward H. Ferrish, Midwest City, Francis G. Morgan, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

In this case it appears that on the 15th day of November, 1954, Ervin B. Uselton died as the result of a heart attack alleged to have been brought about by an accidental injury sustained by him October 1, 1954, while in the employ of the City of Midwest City, Oklahoma.

On the 11th day of October, 1955, Irene Uselton, surviving widow of deceased, referred to as petitioner herein, filed a claim for compensation in her own behalf and on behalf of the four minor children of deceased against Midwest City, referred to herein as respondent, under the death benefit provision of the Workmen's Compensation Act in which she claims that on the date above mentioned deceased sustained an accidental injury resulting in his death.

Respondent in its answer denies liability on the theory that the injury sustained by deceased did not constitute an accidental injury and did not arise out of and in the course of his employment in that deceased's death was caused by illness contracted by deceased prior to the time he sustained his accident.

The trial judge at the close of the evidence found that the accidental injury sustained by deceased, Ervin B. Uselton, on October 1, 1954, did not arise out of and in the course of his employment; that his death was caused by disease and not by trauma and upon such findings entered an order denying compensation which was sustained on appeal to the Commission en banc.

Petitioner brings the case here for review and among other things contends that there is no competent evidence to support the findings of the Commission and that the order based thereon denying compensation should therefore be vacated and set aside.

The evidence discloses that prior to and on the date deceased sustained his injury he was an employee of Midwest City, respondent herein. He was employed as its water superintendent and had charge of its water department and its operation. There is no evidence tending to show that in the performance of his duties deceased was at any time required to perform either manual or mechanical labor. His duties consisted of supervising and assisting in the maintenance of the water department and from time to time in purchasing the necessary supplies for his department. On the 1st day of October, 1954, deceased was

returning to Midwest City from Oklahoma City where he had been purchasing supplies for said water department. The car which deceased was driving was struck from the rear by a truck going in the same direction when deceased slowed down his car preparing to stop at a stop sign. The impact threw deceased forward against the steering wheel then backward into the back seat of his automobile. Deceased's salary was $400.00 per month and he was required to furnish his own car.

Deceased shortly after he sustained his injury was taken to a hospital in Oklahoma City where he was examined and treated by the examining physician for a short time when he was removed to another hospital where he was treated for several days and then released to return home. He, however, remained under the care of his doctor and received treatment up to and including November 15, 1954, when he died.

Dr. R testified that he saw and examined deceased shortly after he sustained his injury. His examination disclosed that he was suffering from a heart attack. He had treated him several times for such trouble in the years 1952 and 1953. Other doctors also treated him for the same trouble. He was hospitalized several times for such condition. Based on such examination and history of the accident the doctor testified that in his opinion the accident of October 1, 1954, did not cause deceased's death, though there is a possibility that it had contributed to his death but he does not feel that it did. The doctor further testified that deceased had such a bad background from the standpoint of his physical condition before this accident that it was so evident to him that he was going to die from such condition, and the fact that he had the accident October 1 and did not die until November 15th he felt that what trauma he suffered at the time of the accident was not active at the time of his death. There is medical evidence to the contrary. Several doctors testified that in their opinion the accident sustained by deceased on October 1, 1954, was the direct or primary cause which brought about his final fatal coronary heart attack.

 While the medical evidence as to the cause of deceased's death is conflicting we cannot say that there is no competent evidence to sustain the finding of the Commission that his death was caused by disease and not by trauma.

Petitioner further contends that the finding of the State Industrial Commission is too indefinite and uncertain for judicial determination and that the order for this reason should be vacated. The finding of the Commission is as above set forth. We see nothing indefinite and uncertain about this finding. We think the finding quite definite and certain. Petitioner's contention in this respect cannot be sustained.

The question as to whether deceased was engaged in hazardous employment at the time he sustained his injury as that term is defined in 85 O.S.1951 § 3, is not raised or discussed by either of the parties. However, since in our opinion the order of the Commission denying compensation must be sustained on other grounds we do not pass upon this question. See, however, in this connection, In re Foree (Black, Sivalls & Bryson, Inc., v. Foree), Okl., 289 P.2d 649.

We conclude that the order of the State Industrial Commission denying compensation is supported by the evidence and is not contrary to law.

Order sustained.

WELCH, C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and CARLILE, JJ., concur.

CORN, V. C. J., concurs in result.