**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45232**

| | |
|---|---|
| MARCOS AYALA-JIMENEZ, | ) |
| | ) Filed: March 7, 2019 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. John K. Butler, District Judge.

Order denying petition for post-conviction relief, affirmed.

Marcos Ayala-Jimenez, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Marcos Ayala-Jimenez appeals from the district court's order denying his petition for post-conviction relief following an evidentiary hearing. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2016, Ayala-Jimenez pled guilty to felony driving under the influence (DUI), in violation of Idaho Code §§ 18-8004, 18-8005(6), in Gooding County (Gooding case). The district court imposed a sentence of five years indeterminate. Further, the district court ordered this sentence to run consecutively with Ayala-Jimenez's sentence in a prior DUI case in Jerome County (Jerome case). Because Ayala-Jimenez's Gooding case violated his probation in his Jerome case, the district court in the Jerome case revoked Ayala-Jimenez's probation and modified his sentence to five years with one year determinate.

1

Ayala-Jimenez filed a pro se petition for post-conviction relief in the Gooding case. After he was appointed post-conviction counsel, Ayala-Jimenez filed an amended petition for post-conviction relief, claiming his appointed trial counsel was ineffective. The crux of Ayala-Jimenez's petition is that his appointed trial counsel in the Gooding case did not explain to him that his sentence in the Gooding case could run consecutively (versus concurrently) with his sentence in the Jerome case and what that meant.

The district court held an evidentiary hearing to determine whether Ayala-Jimenez's trial counsel was ineffective for not explaining the difference between consecutive and concurrent sentencing and for failing to inform Ayala-Jimenez that he could be subject to consecutive sentencing. Both Ayala-Jimenez and his trial counsel testified at the hearing. Thereafter, the district court entered "Findings of Fact and Conclusions of Law," denying Ayala-Jimenez's amended petition for post-conviction relief. Ayala-Jimenez timely appeals.

## II.

## ANALYSIS

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for the attorney's errors, he would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006).

On review of an order denying post-conviction relief after an evidentiary hearing, the trial court's determination that the petitioner has not met his burden of proof is entitled to great weight, and a finding that the petitioner has failed to prove his claims will not be set aside unless that finding is clearly erroneous. *Murray v. State*, 156 Idaho 159, 164, 321 P.2d 709, 714 (Ct. App. 2014); *Sanders v. State*, 117 Idaho 939, 940, 792 P.2d 964, 965 (Ct. App. 1990). The

2

credibility of the witnesses, the weight given to their testimony, and the inferences drawn from the evidence are all matters solely within the district court's province. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988).

Ayala-Jimenez contends the district court erred in denying his amended petition for post-conviction relief. He asserts that his trial counsel never explained the terms and conditions of the plea agreement in the Gooding case, and thus Ayala-Jimenez claims his guilty plea in the Gooding case was not knowing, intelligent, and voluntary. Addressing these arguments, the district court concluded that "it is clear that [trial counsel] advised [Ayala-Jimenez] as to the possibility his sentences would be ordered to be served consecutively" and "informed [Ayala-Jimenez] that this meant he would have to serve his sentence in the Jerome case before serving his sentence in the Gooding case." Based on these conclusions, the district court further concluded that Ayala-Jimenez failed to show trial counsel's "representation fell below an objection standard of reasonableness."

The district court did not err in reaching this conclusion. During the evidentiary hearing, trial counsel indicated he had discussed concurrent versus consecutive sentencing with Ayala-Jimenez before he pled guilty. On direct examination, trial counsel testified as follows:

> Q. Okay. [Ayala-Jimenez] has made allegations that he wasn't probably advised regarding the nature and extent of accepting a plea agreement. Did you, to your memory, properly advise him about a plea agreement?
> A. Yes. I specifically remember this case. I'll tell you what I did. I used the interpreter. We met in the courtroom. I told him what my thoughts [were] on their offer, especially when I found out that he had a probation violation out of Jerome County.
> . . . .
> Q. Did you ever discuss concurrent or consecutive with [Ayala-Jimenez]?
> A. When I was telling him what I thought would happen to him, as painting a bleak picture, I told him that the Court could very well make it a consecutive, meaning he'd have to serve his first sentence first. [Those were] my exact words to him.
> Q. Okay. And then did you explain to him what would happen regarding his second sentence if that happened?
> A. Yeah. And then he would have to serve his first sentence before he would start serving his fixed sentence.

Additionally, during Ayala-Jimenez's plea hearing, trial counsel informed the district court that he advised Ayala-Jimenez that counsel wanted to further investigate Ayala-Jimenez's pending probation violation in the Jerome case; Ayala-Jimenez, however, wanted to enter a plea instead:

And for the record, Your Honor, I told [Ayala-Jimenez] [the plea agreement] was not binding on the Court. He had informed me that there, I think, is a pending probation violation before this Court in Jerome. I've told him I wanted to look into that further, but he told me he wanted to enter a plea today, so I'm doing that with that knowledge.

During the evidentiary hearing, Ayala-Jimenez gave testimony that conflicted with trial counsel's testimony, but the district court found that "[trial counsel's] testimony regarding discussions on concurrent vs. consecutive sentencing, and not [Ayala-Jimenez's] is credible." This Court will not substitute its view for that of the district court's as to the credibility of the witnesses, the weight given to their testimony, and the reasonable inferences drawn from the evidence. *See State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998). Having found trial counsel more credible, the district court did not err by concluding Ayala-Jimenez was advised regarding the possibility of consecutive sentences.

## IV.

## CONCLUSION

Ayala-Jimenez has failed to demonstrate his trial counsel's representation fell below an objective standard of reasonableness. As a result, Ayala-Jimenez did not meet his burden of proving ineffective assistance of counsel, and the district court's order denying Ayala-Jimenez's petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.